FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BQ-3219
(Inmate Number)

MR. JOHN RICHARD JAE,
(Name of Plaintiff)

175 PROGRESS DRIVE
(Address of Plaintiff)

WAYNESBURG, PA. 15370-8090

vs.

SUPERINTENDENT DRAGOVICH,
OFFICER VALENTINE,
OFFICER ZIMMER, OFFICER TAYLOR,
OFFICER NOVAK,
OFFICER IVEY and
OFFICER SWIFT,
(Names of Defendants)

\#: CV 00-2123
(Case Number)

CIVIL RIGHTS COMPLAINT WITH A JURY
TRIAL DEMAND

FILED
SCRANTON

DEC 7 2000

RECEIVED
SCRANTON
NOV 3 0 2000

PER ___ D'ANDREA, CLERK
PER ___ DEPUTY CLERK

TO BE FILED UNDER: √  42 U.S.C. § 1983 - STATE OFFICIALS
                   ___ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. Previous Lawsuits

A. If you have filed any other lawsuits in federal court while a prisoner please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned: Jae v. Lehman No. 93-1969(W.D.Pa.); Jae v. Rowley No. 93-248(W.D.Pa.); Jae v. Barrett 93-1112(W.D.Pa.); Jae v. Lehman 94-154(W.D.Pa.); Jae v. Good No. 94-185(W.D.Pa.); Jae v. Moss 95-2019(W.D.Pa.); Jae v. Yung No. 98-0108(M.D.Pa.); Jae v. Fair No. 98-0114(M.D.Pa.); Jae v. Long No. ___(M.D.Pa.); Jae v. Glenny No. 98-1515(M.D.Pa.); Jae v. Long No. 99-0071(M.D.Pa.); Jae v. Lackey No.___(M.D.Pa.); Jae v. Clark No. 00-1090(M.D.Pa.); Jae v. Wexford Health Services, Inc. No. 00-95___(Pa.); Jae v. Crosen No. 94-1108(W.D.Pa.); Jae v. Crosse C.A. No. 95-3555(3dCir.); Jae v. ___ No. 95-3373(3dCir.); and Jae v. Collins C.A. No. 95-3575(3dCir.). (All West. Dist. ___ were assigned to U.S.D.J. Lancaster; all Middle Dist. cases above, were assigned to U.S.D.J. Rambo).

II. Exhaustion of Administrative Remedies

A. Is there a grievance procedure available at your institution?
√ Yes ___ No

B. Have you filed a grievance concerning the facts relating to this complaint?
√ Yes ___ No

If your answer is no, explain why not _____N/A_____

C. Is the grievance process completed? ___ Yes √ No I filed a grievance concerning the facts relating to the Complaint in September 27, 2000, but the grievance coordinator refused to process such grievance

III. Defendants

(In Item A below, place the full name of the defendant in the first blank, his/her official position the second blank, and his/her place of employment in the third blank. Use Item B for the na positions and places of employment of any additional defendants.)

A. Defendant  Dragovich  is emplo as the Superintendent at the State Correctional Institution A Camp Hill

B. Additional defendants Valentine, Zimmerman, Taylor, Novak, Ney and Swift are all employed as Corrections Officers at the State Correctional Institution At Camp Hill

IV. Statement of Claim

(State here as briefly as possible the facts of your case. Describe how each defendant is involv including dates and places. Do not give any legal arguments or cite any cases or statutes. At extra sheets if necessary.)

1. From September 12, 2000 — October 2, 2000, Defendants Officer Valentine and Zimmerman on the 2-10 shift and Defendants Officers Taylor, Novak, Ney and Swift on the 10-6 shift in the Restricted Housing Unit ("RHU") at SCI Camp Hill would open & then refuse to close the windows in the RHU because of a few inmates talking too loud when they was outside.

2. As a direct result of the above acts, actions & conduct by these above-named Defendants this Plaintiff was really cold and uncomfortable and would shiver most of the night when he was awake during the above-referred to time period & such also put this Plaint at risk of catching pneumonia due to the cold air coming thru the open windows & placed this Pla under imminent danger of serious physical injury.

3. That all Defendants knew and were fully aware that their above-actions & conduct this Plaintiff to become really cold and uncomfortable as this Plaintiff told them such more once, but yet they did such deliberately & maliciously, thereby showing deliberate indifference Plaintiff's physical well-being, health, safety & comfortableness & his rights not to be subjecte extreme temperatures.

4. Defendant officer Valentine also did this several times during the above time pe because he doesn't like this Plaintiff.

6. That, Defendant Dragovich was personally aware of the Actions of the other Defendants, as stated herein Paragraph No's. 1 & 4, supra, but he failed to correct & remedy such, although he had the authority to do so.

7. That, Defendants had no legitimate reason(s) and/or need to open the RHU windows during the above-stated time period.

V. LEGAL CLAIMS

First Cause of Action

8. That, the Acts, Actions & Conduct of Defendants Dragovich, Valentine, Zimmerman, Taylor, Novak, Ney and Swift, together, as stated herein Paragraph No.'s 1 & 6, supra, and the Acts, Actions & Conduct of Defendant Valentine alone, as stated herein Paragraph No. 4, supra, violated the Law & Plaintiff's Rights under the Eighth Amendment of the U.S. Constitution with the due process of the law required by the Fourteenth Amendment of the United States Constitution.

Second Cause of Action

9. That, the Acts, Actions & Conduct of Defendants Dragovich, Valentine, Zimmerman, Taylor, Novak, Ney and Swift, together, as stated herein Paragraph No's. 1 & 6, supra, and the Acts, Actions & Conduct of Defendant Valentine alone, as stated herein Paragraph No. 4, supra, violated the Law & Plaintiff's Rights under Article 1, § 13 of the Pennsylvania State Constitution, for which this Plaintiff invokes the pendent jurisdiction of this Court to hear state law claims.

10. The Defendants herein either knew or should have known that their Acts, Actions & Conduct, as stated herein, would & has violated Plaintiff's Rights and the Law under the 8th & 14th Amendments of the U.S. Constitution and under Article 1, § 13, of the Pennsylvania State Constitution.

3

V. Relief

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite cases or statutes.)

1. A Declaratory Judgment that the Acts, Actions & Conduct of Defendants as stated herein, violated Plaintiff's Rights & the law under the United States Constitution 5th & 14th Amendment, and under Article I, §13, of the Pennsylvania State Constitution.

2. Compensatory Damages in the amount of $15,000.00 to Plaintiff Joe from Defendants Dragovich, Valentine, Zimmerman, Taylor, Novak, Ney and Swift, and each of them, jointly and severally.

3. Punitive Damages in the amount of $15,000.00 to Plaintiff Joe from Defendants Dragovich, Valentine, Zimmerman, Taylor, Novak, Ney & Swift & each of them.

4. All Plaintiff's Court Costs, Filing Fees, Service Fees in this Case.

5. All Plaintiff's Attorney's Fees & Costs (if any).

6. A Trial by a Jury on all Issues & Claims of this Case.

7. Such other & Further Relief as this Court Deems is Just, Proper & Equitable, Herein this Case.

"AND PLAINTIFF FURTHER SAYETH NAUGHT!"

Signed this 26th day of NOVEMBER, 2000=

(S) John Richard Joe
(Signature of Plaintiff and Pro Se Counsel)

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C.S.§1746

26th NOVEMBER 2000=        John Richard Joe
(Date)                    (Signature of Plaintiff and Pro Se Counsel)

4

FORMS TO BE COMPLETED BY PRISONERS FILING A CIVIL RIGHTS COMPLAINT UNDER 42 U.S.C. § 1983 or 28 U.S.C. § 1331

COVER SHEET

THIS COVER SHEET CONTAINS IMPORTANT INFORMATION ABOUT FILING A COMPLAINT AND YOUR OBLIGATIONS IF YOU DO FILE A COMPLAINT. READ AND COMPLETE THE COVER SHEET BEFORE YOU PROCEED FURTHER.

*****************************************************************************

The cost for filing a civil rights complaint is $150.00.

If you do not have sufficient funds to pay the full filing fee of $150.00 you need permission to proceed *in forma pauperis*. However, the court will assess and, when funds exist, immediately collect an initial partial filing fee of 20 percent of the greater of:

1) the average monthly deposits to your prison account for the past six months; or

2) the average monthly balance in your prison account for the past six months.

Thereafter, the institution in which you are incarcerated will be required to make monthly payments of 20% of the preceding month's deposits credited to your account until the entire filing fee is paid.

**CAUTION: YOUR OBLIGATION TO PAY THE FULL FILING FEE WILL CONTINUE REGARDLESS OF THE OUTCOME OF YOUR CASE, EVEN IF YOUR COMPLAINT IS DISMISSED BEFORE THE DEFENDANTS ARE SERVED.**

*****************************************************************************

1. You shall file a complaint by completing and signing the attached complaint form and mailing it to the Clerk of Court along with the full filing fee of $150.00. (In the event attachments are needed to complete the allegations in the complaint, no more than three (3) pages of attachments will be allowed.) If you submit the full filing fee along with the complaint, you DO NOT have to complete the rest of the forms in this packet. Check here if you are submitting the filing fee with the complaint form. _____

2. If you cannot afford to pay the fee, you may file a complaint under 28 U.S.C. § 1915 without paying the full filing fee at this time by completing the following: (1) Complaint Form; (2) Application To Proceed In Forma Pauperis; and (3) Authorization Form. You must properly complete, sign and submit all three standard forms or your complaint may be returned to you by the Clerk of Court. Check here if you are filing your complaint under 28 U.S.C. § 1915 without full prepayment of fees. ✓

Please Note: If your case is allowed to proceed and you are awarded compensatory damages against a correctional facility or an official or agent of a correctional facility, the damage award will first be used to satisfy any outstanding restitution orders pending. Before payment of any compensatory damages, reasonable attempts will be made to notify the victims of the crime for which you were convicted concerning payment of such damages. The restitution orders must be fully paid before any part of the award goes to you.

**DO NOT DETACH THE COVER SHEET FROM THE REST OF THE FORMS**