**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : |
| | : No. 1: CV-00-2123 |
| v. | : |
| | : (Judge Rambo) |
| SUPERINTENDENT DRAGOVICH, | : |
| et al. | : (Magistrate Judge Smyser) |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

## PROCEDURAL HISTORY OF THE CASE

This is a civil rights action brought by a state prisoner complaining of the conditions of confinement in the restricted housing unit (RHU) of the State Correctional Institution at Camp Hill. The complaint alleges that from September 12, 2000, until October 2, 2000, the RHU officers opened windows in the unit when it was cold outside. The plaintiff is John Richard Jae, an inmate previously housed in SCI-Camp Hill. Named as defendants are Martin L. Dragovich, superintendent of SCI-Camp Hill and corrections officers Jack Valentine, Brian Zimmerman, Gene Taylor, William Novak, Dennis Ney and Gerald Swift.

The complaint was filed December 7, 2000. On December 14, 2000, this Court granted Jae leave to proceed in forma pauperis. The defendants waived service and moved to dismiss the complaint on March 6, 2000.

This brief is submitted in support of defendants' motion to dismiss.

## STATEMENT OF FACTS

Pursuant to the Department of Corrections Administrative Directive 804 (DC-ADM 804), all inmates who have been personally affected by a department or institutional action or policy,

after attempting to resolve the issue informally, are permitted to file a grievance. Policy Statement No. DC-ADM 804 §VI.A.[1] If an inmate is unsatisfied with the initial review response to the grievance, the inmate can file an appeal of the response to the prison superintendent. Id. §VI.C. If the inmate remains unsatisfied with the superintendent's decision on the grievance, the inmate can file a final appeal to the Secretary's Office of Grievances and Appeals. Id. §VI.D.

If a grievance is determined to be improperly submitted it is retained to the inmate with a form setting forth the reason for the rejection. DC-ADM 804 §VI.B.1.d. The inmate may appeal the rejection of his grievance to the superintendent, DC-ADM 804 §VI.C., or he may resubmit the grievance, DC-ADM §VI.B.1.d.

Jae claims in his complaint that he filed a grievance on September 27, 2000, and that the grievance coordinator rejected it. The complaint contains no allegations that Jae attempted to obtain review of this decision by appealing it to the superintendent or that Jae resubmitted his grievance as provided by the grievance policy.

## ARGUMENT

### THE COMPLAINT SHOULD BE DISMISSED BECAUSE JAE HAS NOT EXHAUSTED ALL AVAILABLE ADMINISTRATIVE REMEDIES

In 1996, Congress enacted the Prison Litigation Reform Act, and amended 42 U.S.C. §1997e(a) to read:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1]Attached hereto is a copy of the policy statement.

2

42 U.S.C. §1997e(a) (West Supp. 1999).

Pursuant to the PLRA, inmates are required to exhaust all applicable administrative remedies prior to filing an action in federal court. Recently, the Third Circuit has issued two opinions where the court held that §1997e(a) of the PLRA makes exhaustion of all administrative remedies mandatory prior to seeking federal review. See Nyhuis v. Reno, 204 F.3d 65 (3rd Cir. 2000); Booth v. Churner, 206 F.3d 289 (3rd Cir.), cert. granted, _____ U.S. _____, 121 S.Ct. 377 (2000).

Courts have recognized that, like a jurisdictional statute, the PLRA places on the prisoner the burden of demonstrative that he has exhausted administrative remedies and that, if the statutory requirement is to be properly enforced, a prisoner must do more than simply claim that he has satisfied it. Exhaustion can be proven easily by documentary evidence, and the prisoner should be required to do so.

In Brown v. Toombs, 139 F.3d 1102 (6th Cri. 1998), for example, the court held that inmates who file lawsuits in federal court challenging the conditions of their confinement pursuant to Section 1983 "must allege *and show* that they have exhausted *all* available state administrative remedies." Id. at 1104 (emphasis added). The Court explained that, "a prisoner should attach to his Section 1983 complaint the administrative decision, if it is available, showing the administrative disposition of his complaint." Id. The Court suggested that where the record fails to disclose that the inmate has complied with the exhaustion requirement, the case should be dismissed without prejudice. Among the many reasons Courts have held exhaustion is required, is to allow prison officials an opportunity to correct problems prior to inmates' using the resources of the federal judiciary. See Nyhuis at 76.

Here, Jae has not demonstrated that he has exhausted all available administrative remedies. Although he alleges that he submitted a grievance, which was rejected, he does not demonstrate that he took available steps to correct the problem, either by appealing the grievance coordinator's decision or resubmitting a revised grievance. Jae's failure to exhaust all available administrative remedies required by §1997(e) of the PLRA bars his action. Accordingly, the complaint should be dismissed

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss should be granted.

**Respectfully submitted,**

**D. MICHAEL FISHER**
**Attorney General**

BY: _____
**MICHAEL L. HARVEY**
**Senior Deputy Attorney General**

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Chief, Litigation Section**

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526

DATE: March 20, 2001



| | |
|---|---|
| | **POLICY STATEMENT**<br>Commonwealth of Pennsylvania • Department of Corrections |

| Policy Subject:<br><br>Inmate Grievance System | Policy Number:<br><br>DC-ADM 804 |
|---|---|
| **Date of Issue**<br><br>**December 1, 2000** | **Authority:**<br><br>*[signature]*<br>**Martin F. Horn** | **Effective Date**<br><br>**January 1, 2001** |

### I. AUTHORITY

The Authority of the Secretary of Corrections to direct the operation of the Department of Corrections is established by Sections 201, 206 and 506 of the Administrative Code of 1929, 71 P.S. §§61, 66 and 186, Act of April 9, 1929, P.L. 177, No. 175, as amended.

### II. PURPOSE

It is the purpose of this policy to establish procedures for the review of inmate grievances. These procedures ensure that inmates have an avenue through which resolution of specific problems can be sought.

### III. APPLICABILITY

This policy is applicable to all employees of the Department of Corrections and all inmates under the jurisdiction of the Department of Corrections and to those individuals and groups who have business with or use the resources of the Department of Corrections.

### IV. DEFINITIONS

#### A. Automated Inmate Grievance Tracking System

A computerized system maintained by the Secretary's Office of Inmate Grievances and Appeals designed to store and retrieve data and trends pertaining to the Inmate Grievance System.

### B. Appeal to Facility Manager

An appeal of a decision rendered at Initial Review.

### C. Appeal to Secretary's Office of Inmate Grievances and Appeals

The final level of appeal from a grievance.

### D. Chief, Secretary's Office of Inmate Grievances and Appeals

A management level staff, supervised by the Secretary of Corrections, to oversee the inmate grievance and appeal process, train field staff, and respond to appeals.

### E. Department

The Pennsylvania Department of Corrections.

### F. Facility Grievance Coordinator

The Corrections Superintendent's Assistant in a facility, or the designee to the Regional Director in Community Corrections, who is responsible for the overall administration of the Inmate Grievance System in that facility/region. This includes determining whether the grievance was filed in compliance with the policy, as well as the data collection, tracking, and statistical reporting.

### G. Facility Manager

The Superintendent of a State Correctional Facility, State Regional Correctional Facility, Commander of a Motivational Boot Camp, Regional Director of a Community Correction Center and/or the Director of the Training Academy.

### H. Grievance

A formal written complaint by an inmate related to a problem encountered during the course of his/her confinement.

### I. Grievance Rejection Form (DC-804, Part 3)

The form used to return a grievance to an inmate when the grievance cannot be processed. **(See Attachment C)**

### J. Grievance Officer

An appropriate Department Head or Management Level staff person designated by the Facility Grievance Coordinator, to provide Initial Review of an inmate grievance arising from his/her specific area of responsibility, e.g. a Unit Manager would be assigned to provide Initial Review of a grievance regarding a housing unit.

### K. Grievance Restriction

Inmates who deliberately misuse the grievance system by filing frivolous or fabricated grievances may be restricted to filing no more than one grievance each five (5) working days.

### L. Initial Review

A review of an inmate's initial grievance conducted by a Grievance Officer. The Facility Manager may direct the Facility Grievance Coordinator to review certain grievances.

### M. Retaliation

An act of vengeance or threat of action taken against an inmate or staff in response to an inmate complaint of a problem. Examples include unnecessary discipline, intimidation, unnecessary changes in work or program assignments, unjustified transfers or placements, unjustified denials of privileges and services.

### N. Secretary's Office of Inmate Grievances and Appeals

The office responsible for review and disposition of all appeals of inmate grievances to Central Office.

### O. Working Days

For the purposes of this policy, working days are Monday through Friday, excluding state holidays.

## V. POLICY

It is the policy of the Department that every individual committed to its custody shall have access to a formal procedure through which the resolution of problems or other issues of concern arising during the course of confinement may be sought. For every such issue, there shall be a forum for review and one (1) avenue of appeal. The formal procedure shall be known as the Inmate Grievance System.[1]

## VI. PROCEDURES

### A. Initial Grievance

1. Inmate Responsibilities

    a. The Department encourages inmates to express their concerns to staff through respectful, constructive, verbal communication in order that problems are resolved as soon as possible.

---

[1] 3-4271, 3-ACRS-3D-07, 1-ABC-3D-08, 2-CO-3C-01

b. The Inmate Grievance System is intended to deal with a wide range of issues, procedures, or events that may be of concern to inmates. It is not meant to address incidents of an urgent or emergency nature. When faced with an incident of an urgent or emergency nature, the inmate should contact the nearest staff member for immediate assistance.

c. A grievance must be submitted to the Facility Grievance Coordinator using the **DC-804, Part 1, Grievance Form (See Attachment A)**. All grievances must be signed and dated by the inmate. Forms shall be readily available on all housing units. All copies, with the exception of the inmate's copy **(GOLDEN ROD)**, shall be forwarded to the Facility Grievance Coordinator. The **PINK** copy will be returned to the inmate, acknowledging acceptance of the grievance.

d. The inmate shall include a statement of the facts relevant to the claim. **The text of the grievance shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages.** The inmate should identify any persons who may have information that could be helpful in resolving the grievance. The inmate should also include information on attempts to resolve the matter informally. The inmate may also specifically state any claims he/she wishes to make concerning violations of Department directives, regulations, court orders, or other law. The inmate may include a request for compensation or other legal relief normally available from a court.

e. Grievances must be submitted by the inmate for Initial Review to the Facility Grievance Coordinator within fifteen (15) working days after the events upon which the claims are based. The Grievance Officer may grant the inmate additional time to resolve the grievance informally. In those cases, the inmate shall be granted an additional five (5) working days to re-file the initial grievance.

f. A grievance must be filed with the Facility Grievance Coordinator at the facility where the grievance occurred.

g. All grievances shall be presented individually. Any grievance submitted by a group of inmates **will not** be processed.

h. Grievances and appeals based on different events shall be presented separately, unless it is necessary to combine the issues to support the claim.

i. All grievances and appeals must be presented in good faith and for good cause. No inmate shall be punished, retaliated against, or otherwise harmed for good faith use of this grievance system. Deliberate misuse of the grievance system may result in restricted access or disciplinary action, at the discretion of the Facility Manager/designee.

j. Only an inmate who has been personally affected by a Department or facility action or policy shall be permitted to seek review of a grievance or appeal. The inmate must sign the grievance or appeal.

k. At any point in the grievance process, the inmate may withdraw the grievance. To withdraw a grievance, an inmate may write on the original grievance "I wish to withdraw this grievance," sign and date the original grievance form or submit a request form to the Facility Grievance Coordinator, identifying the grievance, by number, to be withdrawn.

l. If a grievance is rejected, when resubmitted, the grievance must be resubmitted under the same grievance number.

**B. Initial Review**

1. Staff Responsibilities

   a. The Facility Grievance Coordinator shall assign a grievance tracking number to all grievances (even rejected grievances) upon receipt and enter all grievances into the Automated Inmate Grievance Tracking System. The Facility Grievance Coordinator is also responsible for entering the facility's disposition of the grievance at each step of the grievance process.

   b. The Facility Grievance Coordinator may combine multiple grievances that relate to the same subject.

   c. The Facility Grievance Coordinator, based on the Grievant's situation, may grant an extension of time for filing the grievance.

   d. If the grievance is determined to be improperly submitted, it shall be returned to the Grievant unprocessed with a **DC-804 Part 3, Grievance Rejection Form** enumerating the reason(s) the grievance was not accepted. **(See Attachment C)** The grievance, if resubmitted, must be resubmitted under the same grievance number within five (5) working days.

   e. If the Facility Grievance Coordinator determines that the issue being grieved is in accordance with **DC-ADM 804**, it will be referred to an appropriate Grievance Officer for review.

   f. The Grievance Officer may submit the grievance for formal resolution or meet with the inmate to suggest ways in which the grievance can be resolved. The Grievance Officer may grant the inmate a maximum of five working days to resolve the grievance informally.

   g. If the Grievance Officer submits the grievance for formal resolution, within ten (10) working days of receipt of the grievance, the Grievance Officer shall provide a written response to the Grievant, using a **DC-804 Part 2 (See Attachment B)** and include a brief rationale, summarizing the conclusions and any action taken or recommended to resolve the incident raised in the grievance. A copy of the response shall be sent to the Facility Grievance Coordinator for tracking purposes.



   h. The Facility Manager/designee may authorize an extension of up to an additional ten (10) working days if the investigation of the grievance is ongoing. If an extension is necessary, the Grievant shall be so advised in writing.

   i. Grievances dealing with allegations of abuse shall be handled in accordance with Department policy **1.2.4, "Inmate Abuse Allegation Monitoring Process."**

   j. Each Facility Manager/designee shall make provisions for illiterate or non-English speaking inmates to submit grievances, be interviewed, and have translated, any portion of the grievance policy. Extension to the timelines shall be granted in order to secure these services. Facility Managers are authorized to use existing contracts and/or dial-up translation services to provide this service.

**C. Appeal to Facility Manager**

   1. Inmate Responsibilities

      a. The Initial Review decision from the Grievance Officer must be received by the inmate before any appeal to the Facility Manager can be sought.

      b. Grievant may appeal an Initial Review decision to the Facility Manager in writing, within five (5) working days from the date of receipt by the inmate of the Initial Review decision. Only issues that were raised for initial review may be appealed. Every appeal to the Facility Manager shall be clearly labeled as an appeal at the top of the document with the grievance number included.

      c. The text of the appeal shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages.

      d. The appeal must clearly identify the Initial Review Decision and the basis for the appeal. Only one appeal of any Initial Review Decision will be permitted. Failure to comply may result in the appeal being rejected.

   2. Staff Responsibilities

      a. The Facility Manager may make exceptions to the five (5) working day appeal requirement. An allowance shall be made for delays with mail delivery.

      b. The Facility Manager shall notify the inmate of his/her decision within fifteen (15) working days of receiving the appeal. This decision may consist of upholding the decision, modification, reversal, remand, or reassignment for further fact-finding. A brief statement of the reasons for the decision must be included.

      c. The Grievance Coordinator shall enter the Facility Manager's decision into the Automated Inmate Grievance Tracking System.


d. When the Facility Manger remands a grievance, the Grievance Officer shall respond within five (5) working days.

### D. Appeal to Secretary's Office of Inmate Grievances and Appeals

1. Inmate Responsibilities

   a. The decision from appeal to the Facility Manager must be received by the inmate before an appeal to the Secretary's Office of Inmate Grievances and Appeals can be sought.

   b. Any Grievant, who is dissatisfied with the disposition of an appeal from the Facility Manager, may submit an appeal to the Secretary's Office of Inmate Grievances and Appeals, within five (5) working days of receiving the decision. An allowance shall be made for delays with mail delivery. Only issues raised at the Initial Review and appeal to the Facility Manager may be appealed at this level.

   c. An appeal at this level will not be permitted until the Grievant has complied with all procedures established for Initial Review and Appeal to Facility Manager.

   d. The text of the appeal shall be legible, presented in a courteous manner, and the statement of facts shall not exceed two (2) pages.

   e. All appeals to the Secretary's Office of Inmate Grievances and Appeals must be addressed to the following:

   **Chief, Secretary's Office of Inmate Grievances and Appeals
   Department of Corrections
   2520 Lisburn Road, P. O. Box 598
   Camp Hill, PA 17001-0598**

   Failure to properly address the appeal will delay the process.

   f. Inmates appealing to final review are responsible for providing the Secretary's Office of Inmate Grievances and Appeals with all available paperwork relevant to the appeal. A proper appeal to final review should include photocopies of the initial grievance, Initial Review, and the Appeal to Facility Manager along with the Facility Manager's decision.

   g. Indigent inmates as defined in Department policy **DC-ADM 803, "Inmate Mail and Incoming Publications,"** shall be afforded copy service at no charge in order to submit the required documentation for appeal purposes. Non-indigent inmates shall incur copying charges in accordance with Department policy **3.4.5, "Photocopying Charges for Inmates."**

2. **Staff Responsibilities**

    a. The Secretary's Office of Inmate Grievances and Appeals will ensure that:

        (1) appeals to final review are responded to within thirty (30) working days; and

        (2) appeals and responses are properly maintained in the Automated Inmate Grievance Tracking System.

    b. Upon request, the Facility Manager will forward to the Secretary's Office of Inmate Grievances and Appeals a copy of any formal investigation related to a grievance and conducted by the security office.

    c. The Secretary's Office of Inmate Grievances and Appeals will review the initial grievance and response, the Appeal to the Facility Manager and response, and any investigative reports and the appeal to final review.

    d. The Secretary's Office of Inmate Grievances and Appeals may review appeals with the relevant bureau i.e., health care issues with the Bureau of Health Care Services, education issues with the Bureau of Corrections Education, etc.

    e. Upon completion of review, the Secretary's Office of Inmate Grievances and Appeals will respond directly to the inmate in all cases.

    f. The Secretary's Office of Inmate Grievances and Appeals will issue a decision within thirty (30) working days after receipt of an appeal. The decision may consist of upholding the decision, modification, reversal, remand, or reassignment for further fact-finding, and must include a brief statement of the reasons for the decision. The Chief, Secretary's Office of Inmate Grievances and Appeals, shall notify the Grievant, Facility Manager, and the appropriate Regional Deputy of the decision and rationale.

    g. When the Chief, Secretary's Office of Inmate Grievances and Appeals or designee remands a grievance, the Facility Manager shall respond within ten (10) working days.

    h. The Chief, Secretary's Office of Inmate Grievances and Appeals, in consultation with the Secretary of Corrections, shall take any action deemed necessary to ensure the integrity of this policy. This includes:

        (1) prohibiting the transfer of an inmate until the grievance procedure has been completed, including the appeal process; and

        (2) lifting a previously imposed grievance restriction.

    i. The Chief, Secretary's Office of Inmate Grievances and Appeals/designee shall notify the Facility Manager in those cases where the suspension of an inmate's transfer is being considered pending the disposition of the appeal process.

    j. Any inmate, who is transferred after filing a grievance or an appeal, but prior to completing the appeal process, may continue to pursue the grievance or appeal by notifying the Facility Manager of the facility in which confined when the grievance was filed. Adjustments shall be made to the various time limitations in order to facilitate review.

### E. Grievance Restriction

1. The Facility Grievance Coordinator will provide the inmate with written notice of the restriction and the reason(s) for it. The Facility Manager shall approve the restriction and a copy of the notice will be forwarded to the Secretary's Office of Inmate Grievances and Appeals.

2. Inmates who deliberately misuse the grievance system by filing frivolous or fabricated grievances may be restricted to filing no more than one grievance each five (5) working days.

3. Upon request of the inmate, the Facility Manager may review the restriction every ninety (90) working days and shall provide notice to the inmate and the Chief, Secretary's Office of Inmate Grievances and Appeals, of the determination to continue or discontinue the restriction and the rationale for the determination.

4. If the inmate continues to abuse the grievance system, the Facility Manager may request a longer period of restriction between grievances through their Regional Deputy Secretary. A copy of the request shall be forwarded to the Secretary's Office of Inmates Grievances and Appeals for tracking purposes.

5. Any grievance restriction may be appealed to the Secretary's Office of Inmate Grievances and Appeals. Appeals must comply with **Section D, 1** above.

### F. Exceptions

1. Initial Review of issues relating to the following <u>Department policies</u> shall be in accordance with procedures outlined therein, and <u>will not be reviewed</u> by a Facility Grievance Coordinator.

    a. **DC-ADM 801, Inmate Discipline;**

    b. **DC-ADM 802, Administrative Custody Procedures**; and

    c. any other Department policy that specifically states that the **DC-ADM 804** is not applicable.

## VII. SUSPENSION DURING AN EMERGENCY

In an emergency or extended disruption of normal facility operation, the Secretary, or designee may suspend any provision or section of this policy, for a specific period.

## VIII. RIGHTS UNDER THIS POLICY

This policy does not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the rights of any individual. This policy should be interpreted to have sufficient flexibility to be consistent with law and to permit the accomplishment of the purpose(s) of the policies of the Department of Corrections.

## IX. RELEASE OF INFORMATION AND DISSEMINATION OF POLICY

### A. Release of Information

#### 1. Policy

This policy document is public information and may be released to members of the public, staff, legislative, judicial, law enforcement and correctional agencies and/or inmates upon request.

#### 2. Procedure Manual (if applicable)

The procedure manual for this policy is <u>not public information</u> and shall not be released in its entirety or in part, without the prior approval of the Secretary of Corrections or designee. This manual or parts thereof, may be released to any Department of Corrections employee on an as needed basis.

### B. Distribution of Policy

#### 1. General Distribution

The Department of Corrections' policy and procedure manuals (when applicable) shall be distributed to the members of the Central Office Executive Staff, all Facility Managers, and Community Corrections Regional Directors on a routine basis. Distribution to other individuals and/or agencies is subject to the approval of the Secretary of Corrections or designee.

#### 2. Distribution to Staff

It is the responsibility of those individuals receiving policies and procedures, as indicated in the "General Distribution" section above, to ensure that each employee expected or required to perform the necessary procedures/duties is issued a copy of the policy and procedures.

## X. SUPERSEDED POLICY AND CROSS REFERENCE

### A. Superseded Policy

#### 1. Department Policy

a. DC-ADM 804 issued July 20, 1994 by former Secretary Joseph D. Lehman.

      b. DC-ADM 804-1 issued April 2, 1996 by Secretary Martin F. Horn.

      c. DC-ADM 804-2 issued October 21, 1997 by Secretary Martin F. Horn.

      d. DC-ADM 804-3 issued October 21, 1997 by Secretary Martin F. Horn.

      e. DC-ADM 804-4 issued April 29, 1998 by Secretary Martin F. Horn.

      f. DC-ADM 804-5 issued October 30, 2000 by Secretary Martin F. Horn.

  **2. Facility Policy and Procedures**

    This document supersedes all facility policy and procedures on this subject.

**B. Cross Reference(s)**

  1. Administrative Manuals

    a. DC-ADM 801, Inmate Discipline

    b. DC-ADM 802, Administrative Custody Procedures

    c. DC-ADM 803, Inmate Mail and Incoming Publications

    d. 1.2.4, Inmate Abuse Allegation Monitoring Process

    e. 3.4.5, Photocopying Charges for Inmates

  2. ACA Standards

    a. Administration of Correctional Agencies: 2-CO-3C-01

    b. Adult Correctional Institutions: 3-4271

    c. Adult Community Residential Services: 3-ACRS-3D-07

    d. Adult Correctional Boot Camp Programs: 1-ABC-3D-08

    e. Correctional Training Academies: None

**DC-ADM 804, Inmate Grievance System**                                           **Attachment A**

DC-804
Part 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P. O. BOX 598
**CAMP HILL, PA 17001-0598**

FOR OFFICIAL USE ONLY

_____
GRIEVANCE NUMBER

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: | |
| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: | |

INSTRUCTIONS:
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner
3. List in Block B any actions you may have taken to resolve this matter. Be sure to include the identity of staff members you have contacted.

   A.  Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.












   B.  List actions taken and staff you have contacted, before submitting this grievance.




Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____                                         _____
Signature of Facility Grievance Coordinator                                                     Date


WHITE Facility Grievance Coordinator Copy  CANARY File Copy  PINK Action Return Copy  GOLDEN ROD Inmate Copy
Revised September 2000

*DC-ADM 804, Inmate Grievance System*  **Attachment B**

DC-804
Part 2

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA 17001

OFFICIAL INMATE GRIEVANCE
INITIAL REVIEW RESPONSE

GRIEVANCE NO. _____

| TO: (Inmate Name & DC No.) | FACILITY | HOUSING LOCATION | GRIEVANCE DATE |
|---|---|---|---|
| | | | |

The following is a summary of my findings regarding your grievance:

| Print Name and Title of Grievance Officer | SIGNATURE OF GRIEVANCE OFFICER | DATE |
|---|---|---|
| | | |

*DC-ADM 804, Inmate Grievance System*
DC-804
Part 3

**Attachment C**
**COMMONWEALTH OF PENNSYLVANIA**
**Department of Corrections**
SCI-_____

**DATE:** _____
**SUBJECT:**   Grievance Rejection Form
**TO:** _____

**FROM:** _____
          Facility Grievance Coordinator

FOR OFFICIAL USE ONLY
_____
GRIEVANCE NUMBER

The attached grievance is being returned to you because you have failed to comply with the provision(s) of DC-ADM 804, Inmate Grievance System:

1. \_\_\_\_\_   Grievances related to the following issues shall be handled according to procedures specified in the policies listed and shall not be reviewed by the Facility Grievance Coordinator:

   a. DC-ADM 801-Inmate Disciplinary and Restricted Housing Unit Procedures
   b. DC-ADM 802-Administrative Custody Procedures
   c. other policies not applicable to DC-ADM 804.

2. \_\_\_\_\_   Block B must be completed, as per the Instruction #3 of the Official Inmate Grievance Form.

3. \_\_\_\_\_   The grievance does not indicate that you were personally affected by a Department or facility action or policy.

4. \_\_\_\_\_   Group grievances are prohibited.

5. \_\_\_\_\_   The grievance was not signed and/or dated.

6. \_\_\_\_\_   Grievances must be legible and presented in a courteous manner.

7. \_\_\_\_\_   The grievance exceeded the two (2) page limit. Description needs to be brief.

8. \_\_\_\_\_   Grievances based upon different events shall be presented separately.

9. \_\_\_\_\_   The grievance was not submitted within fifteen (15) working days after the events upon which claims are based.

10. \_\_\_\_\_  You are currently under grievance restriction. You may not file any grievances until _____
                                                                                                Date

11. \_\_\_\_\_  Grievance involves matter(s) that occurred at another facility and should be directed by the inmate to the appropriate facility.

12. \_\_\_\_\_  The issue(s) presented on the attached grievance has been reviewed and addressed previously.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
|            Plaintiff | : |
| v. | :   No. 1: CV-00-2123 |
| | :   (Judge Rambo) |
| SUPERINTENDENT DRAGOVICH, | : |
| et al. | :   (Magistrate Judge Smyser) |

### CERTIFICATE OF SERVICE

    I, Michael L. Harvey, Senior Deputy Attorney General, hereby certify that on this date I caused to be served the foregoing, Brief in Support of Defendants' Motion to Dismiss by depositing a copy of the same in the United States Mail, postage prepaid, in Harrisburg, Pa., addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

                                                          MICHAEL L. HARVEY
                                                          SENIOR DEPUTY ATTORNEY GENERAL

DATE: March 20, 2001