IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, <br><br> Plaintiff, <br><br> vs. <br><br> SUPERINTENDENT DRAGOVICH, et al., <br><br> Defendants. | CIVIL NO. 1:CV- <br><br> 00-2123 <br><br> U.S. District Judge <br> Magistrate Judge Smyser <br><br> **FILED** <br> **HARRISBURG** <br><br> MAY 31 2001 <br><br> MARY E. D'ANDREA, CLERK <br> Per_____ <br> DEPUTY CLERK |

BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS THE COMPLAINT AND BRIEF IN SUPPORT

## I. COUNTER-STATEMENT OF THE CASE

On December 7, 2000, this Plaintiff commenced this 42 U.S.C. §1983 civil rights action by filing a complaint.

On December 14, 2000, this Court granted the Plaintiff leave to proceed in forma pauperis, herein this case.

On February 1, 2001, this Plaintiff filed an amended complaint.

On March 6, 2001, Defendants, by counsel, filed their Motion To Dismiss The Complaint. Defendants' Brief In Support Of Motion To Dismiss was filed on March 20, 2001.

On April 5, 2001, the Plaintiff moved this Court for an enlargement of time until May 20, 2001, in which to reply to the motion to Dismiss The Complaint. On April 16, 2001, the Court granted Plaintiff until May 29, 2001, in which to reply to Defendants' Motion to

Plaintiff Jae now files his Brief In Opposition to Defendants Motion To Dismiss The Complaint And Brief In Support therein this case, Avers, depose

## II. COUNTER-STATEMENT OF THE FACTS

The complaint alleges that from September 12, 2[000] until October 2, 2000, Defendants officers Valentin, Zimmerman, Taylor, Novak, New and Swift would open [and] refuse to close the windows in the RHU because of a fe[w] inmates talking too loud when it was cold outside; that a direct result of such Defendants' acts, actions & conduct, Plaintiff was really cold and uncomfortable and would sh[iver] most of the day and night when he was awake during the referred to time period; & such also put this Plaintiff at ris[k of] catching pneumonia due to the cold air coming thru the [windows] & placed this plaintiff under imminent danger of serious phys[ical] injury; that, the Defendants knew and were fully aware that t[he] above actions & conduct caused this Plaintiff to become really cold [and] uncomfortable, as this Plaintiff told them such more than o[nce] yet they did such & continued to do such deliberately & maliciously showing deliberate indifference to this Plaintiff's physical/me[ntal] health, safety & comfortableness & his rights not to be sub[ject] to extreme tempatures; that, Defendant Officer Valentine [did] this several times during the above-time period because [he] doesn't like this Plaintiff; that, this Plaintiff had to s[uffer] as stated above, due to the behavior of other inmates; that, Defendant Dragovich was personally aware of the [acts] of the other Defendants, but failed to correct & remedy su[ch when] he had the authority to do so, and that, Defendants h[ad no] legitimate reason(s) and/or need(s) to open the RHU windows during [the] above-stated time periods. The Amended Complaint [alleges] that, when Plaintiff complained to Defendant Superintendant

2

about the Acts, Actions & Conduct of Defendants Valentine, Zimmerman, Taylor, Novak, Ney & Swift, in opening & refusing to close the windows in the RHU, when Pl. was really cold; and Defendant Dragovich wrote back to Plaintiff Reese & told him the following:— "You have a lot of nerve complaining given your poor behavior and constant abuse of our staff. When you can start acting like a human being, we can talk. Right now your credibility is <u>nil</u>." (Quote/end quote)

That, the above-reply letter to Plaintiff was dated September __, 2000, and that, the above-response of Defendant Superintendent Dragovich amounts to Illegal Retaliation for Plaintiff's behavior for which Plaintiff had already been punished for by the Hearing Examiner, which shows such Defendant's unwillingness to remedy the Acts/conduct of Defendants Valentine, Zimmerman, Taylor, Novak, Ney & Swift; further shows Defendant Dragovich's unwillingness to follow & obey Plaintiff's rights & the Law under the Eighth Amendment of the United States Constitution.

Furthermore, the Complaint herein this civil rights case was filed on December 7, 2000; DC-ADM.#804 of July 20, 1994, is the Pa. Dept. of Corrections Administrative Directive which is applicable hereto this case, not the DC-ADM.#804 of January 1, 2001; that, the DC-ADM.#804 Administrative Directive of July 20, 1994 had no provision therein such directive stating that an inmate may appeal the rejection of a grievance by the Grievance Coordinator to the Superintendent; that this is the reason why this Plaintiff did not appeal the Grievance Coordinator's rejection of September 27, 2000, Grievance about the Defendants herein opening the RHU windows to Defendant Superintendent

Also, the new January 1, 2001, DC-ADM #804 ### Administrative Directive (D.C.-ADM#804.VI.C.), only asks for an appeal to the Facility Manager (Superintendent) of the Review Decision of the Grievance and does "not" provide for an appeal of the rejection of grievance to the Superintendent.

Furthermore, the Grievance Coordinator violated ADM#804.II.E., DC-ADM#804.VI.A.5., of 1994, when rejected this Plaintiff's Grievance of September 2000, because, under DC-ADM#804.VI.A.5., of, this Plaintiff <u>was</u> permitted to file a grievance based on different events, when it was necessary to combine the issues to support the claim of the case, herein, with this Plaintiff's September 27, 2000, Grievance. and that, the Plaintiff could not resubmit such September 27, 2000, Grievance, because, according to DC-ADM VI.B.2., the grievance had to be submitted 15 calendar days of the date of the incident being grieved, and by the time this had submitted September 27, 2000, Grievance and he had got the rejection form letter back from the Grievance Coordinator, the 15 day filing period for such Grievance had already elapsed and it was thus too late to resubmit such Grievance there then. Furthermore, by improperly rejecting this Plaintiff's properly submitted September 27, 2000, Grievance, the Grievance Coordinator rendered the Administrative Remedies under DC-ADM#804 of July 20, 1994, unavailable to

PLAINTIFF    Furthermore, although this Plaintiff could not not resubmit his improperly rejected September Grievance, he had written & complained to Defendants Superintendent Dragovich & to Secretary of Corrections Martin Horn, on September 25, 2000, about the same incident

for he has filed suit for herein this instant [action].

Defendants Dragovich, Valentine, Zimmerman, Novak, and Swift are the superintendant and/or [staff] up at the State Correctional Institution At Camp Hill, where is where complaint arose from.

### III. ARGUMENTS

A. 42 U.S.C. §1997e(a), AS AMENDED BY THE PLRA, IS UNCONSTITUTIONAL, AS IT IMPREMISSIBLY INFRINGES UPON AND VIOLATES THE DECISIONS OF THE UNITED STATES SUPREME COURT, WHICH LIKE THE UNITED STATES CONSTITUTION ITSELF, IS THE SUPREME LAW OF THE LAND.

Plaintiff avers & submits that, 42 U.S.C. §1997e(a), as Amended By the PLRA, IS Unconstitutional as it Impremissibly Infringes Upon And Violates The Decisions Of The United States Supreme Court, Which Like The United States Constitution Itself, IS The Supreme Law Of The Land. In particular, 42 U.S.C. §1997e(a), violates the U.S. Supreme Court decisions in Patsy v. Board Of Regents Of The State Of Florida, 457 U.S. [496], 102 S.Ct. 2557 (1982) and in Monroe v. Pape, 365 U.S. 183, 81 S.Ct. 473 (1961), and their progeny which hold, a State Prisoner does not have to exhaust his Prison Administrative Remedies before filing a 42 U.S.C. [§1983] Civil Rights Action In Federal Court & given that said U.S. Supreme Court decisions are, like the U.S. Constitution Itself, the Supreme Law of the Land, Congress exceeded [its] legislative authority in enacting 42 U.S.C. §1997e(a), [it] is Unconstitutional, null & void.

5

B. 42 U.S.C. §1997e(a), AS AMENDED BY THE PLRA IS UNCONSTITUTIONAL AS IT IMPERMISSIBLY SINGLES OUT AND TREATS PRISONERS DIFFERENTLY THAN OTHERS AND THUS DENIES PRISONERS EQUAL PROTECTION/TREATMENT OF THE LAW UNDER THE FIFTH & FOURTEENTH AMENDMENT OF THE U.S. CONSTITUTION.

Plaintiff there avers & argues that, 42 U.S.C. § As Amended By The PLRA, is unconstitutional as it impermissibly singles out and treats prisoners differently than others AND thus denies prisoners Equal Protection/Treatment of the Law Under the Fifth & Fourteenth Amendments of the U.S. Constitution, such does "not" require non-prisoners to exhaust available administrative remedies before suit under 42 U.S.C. §1983, but requires prisoners to do so and prisoners have the same rights as non-prisoners have & therefore, 42 U.S.C. is unfair, unjust, discriminatory & unconstitutional & is null & void.

C. PLAINTIFF'S 42 U.S.C. §1983 CIVIL RIGHTS COMPLAINT, HEREIN THIS CASE, SHOULD "NOT" BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST HIS AVAILABLE ADMINISTRATIVE REMEDIES, HEREIN.

Defendants first claim, that:
- If a grievance is determined to be improperly submitted it is returned to the inmate with a form setting forth the reason for rejection. DC-ADM.804.VI.B.1.d. The inmate may appeal

the rejection of his grievance to the Superintendent, DC-ADM 804 § VI-C, or he may resubmit the grievance, DC-ADM § VI-B-1-d.

However, the Plaintiff, by reply to such, avers that, first of all, this civil action was filed December 7, 2000, with this court, and thus DC #804 of July 20, 1994, "is" the Pennsylvania Department of Corrections Administrative Grievance Directive which is applicable hereto this case, not the DC-ADM. #804 Administrative Grievance Directive which the Defendants have attached thereto their Brief In Support Of Defendants' Motion To Dismiss herein this instant case, as the DC-ADM. which the Defendants attach to their Brief herein was "not" even in effect yet at the time/day which this Plaintiff commenced this action in this court, as such DC-ADM. #804, did "not" even come into effect until January 1, 2001, and thus, Defendants may "not" rest their nor base their arguments/claims upon this DC-ADM. #804, of January 1, 2001, a new law may only be applied to conduct occurring after date of its enactment; U.S.V. Tapia, 981 F.2d (11th Cir. 1993) and Henderson v. Lane, 979 F.S. (7th Cir. 1992)(In deciding whether right was "clearly established" for civil rights immunity purposes, Court should focus on state of law at time of alleged violation; and that the DC-ADM. #804, Administrative Grievance

___

1/ See Defendants' Brief In Support Of Motion To Dismiss, at p.
2/ This is the same DC-ADM #804 which Defendants take their from
3/ See page -1- of the DC-ADM #804, attached to Defendants Brief In Support of Motion To Dismiss. 7

of July 20, 1994, had no provision therein such directive stating that an inmate may appeal the rejection of a grievance by the Grievance Coordinator to the Superintendent and that this is the reason why Plaintiff did not appeal the grievance coordinator's rejection his September 27, 2000, grievance about the Defendants herein opening the RHU windows to Defendant Superintendent Dragovich. Also, the new January 1, 2001, DC-ADM VI-C, Administrative Grievance Directive (the very same DC-ADM #804, attached to Defendants' Brief hereto,) provides for an appeal to the Facility Manager (Superintendent) of the initial review decision on the grievance and does "not" provide for an appeal of the rejection of the grievance to the Superintendent, as the Defendants "he" and claim it does and plaintiff challenges Defendants to show where in DC-ADM #804, VI-C, it specifically states in writing that an inmate may appeal the rejection of a grievance by the Grievance Coordinator to the Facility Manager (Superintendent); and second, this Plaintiff could not resubmit such September 2000, grievance, because, according to DC-ADM #804 of July 20, 1994, the grievance had to be submitted in 15 calendar days of the date of the incident being grieved and by the time this Plaintiff had submitted the September 27, 2000, grievance and he had actually received the form letter form back from the SCI-Camp Hill Grievance Coordinator, the 15 day filing period for such grievance had already elapsed and it "was" thus too late to file such grievance there then.

8

Defendants next claim, that:

> Jae claims in his complaint that he filed a grievance on September 27, 2000, and that the grievance coordinator rejected it. The complaint contains no allegations that Jae attempted to obtain review of this decision by appealing it to the superintendent or that Jae resubmitted his grievance as provided by the grievance policy. 4/

In response to the above, this Plaintiff avers & submits that such is true, however, by way of response to such, this Plaintiff avers & argues that, he did not appeal the rejection of his Sept. 27, 2000, grievance to the Superintendent & did resubmit such grievance as provided by the grievance policy, was "filed" because of the same reasons as is set forth here this Brief, at 8.

Lastly, Defendants claim & argue that:

> Here, Jae has not demonstrated that he has exhausted all available administrative remedies. Although he alleges that he submitted a grievance, which was rejected, he does not demonstrate that he took available steps to correct the problem, either by appealing the grievance coordinator's decision or resubmitting a revised grievance. Jae's failure to exhaust all available administrative remedies required by §1997(e) of the PLRA bars his action. Accordingly, the complaint should be dismissed.

However, by way of reply to the above, this Plaintiff avers

---

4/ See Defendants' Brief In Support of Motion To Dismiss
5/ See Id., at 4.

9

argues that, contrary to what the Defendants' reply claim, there was no available steps to correct the problem based upon what he stated & argued, herein, supra. Furthermore, this Plaintiff responds & avers that, the grievance coordinator violated DC-ADM. #804.VI. & ADM.#804.VI.A.5. of July 20, 1994, when he rejected this Plaintiff's grievance of September 27, 2000, because under DC-ADM. #804.VI.A.5. of July 20, 1994, this was permitted to file a grievance based on different events, when it was necessary to combine the issues support the claim, as was the case, herein, with this Plaintiff's September 27, 2000, grievance. Furthermore, by improperly rejecting this plaintiff's properly submitted September 27, 2000, grievance, the grievance coordinator rendered the administrative remedies under DC-ADM #804 of July 20, 1994, unavailable to this inmate-plaintiff and he could "not" exhaust such. Plaintiff only has to exhaust the Prison's administrative remedies which are available to him. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000), and there is no "available" remedies herein for him to exhaust, as when he attempted to comply with and exhaust his available administrative remedies under DC-ADM.#804 by filing a grievance, the SCI-Camp Hill grievance coordinator illegally violated DC-ADM. #804.VI.A.5., & refused to allow this Plaintiff to do so, thereby rendering the administrative remedies under DC-ADM #804 unavailable to this Plaintiff, thru no fault of this Plaintiff, that there was no provision under DC-ADM. #804 allowing for this Plaintiff to appeal the grievance

10

rejection of the grievance of September 27, to the Superintendent, and it <u>was</u> too late to resubmit such grievance, as by the time that had subjected such grievance had actually reac[hed] the Grievance Coordinator's form Rejection, the 15 day allowable time period to file s[uch] grievance in had already expired/elapsed.

Furthermore, although this Plaintiff could not [re-] submit his improperly rejected September 27, 200[0] Grievance, he had written & complained to Def[endant] Superintendent Dragovich & to Secretary of Correct[ions] Horn on September 25, 2000, about the same in[cident] for which he has filed suit for herein this instant [case] and thus he "<u>has</u>" presented the incident a[nd] facts surrounding such in the complaint here[in this] case, to prison officials, (Defendant Superinten[dent] Dragovich and also to the Secretary of Correctio[ns of] the Pennsylvania Department of Corrections,) [and] he "<u>has</u>" given these prison officials the[se] fair opportunity to address & correct the prob[lems/] violations complained about in the complaint [in] this case, that they would have had if he [had] been able to file a grievance and exha[ust] his administrative remedies as to such und[er] DC-ADM #804, & thus, he has "<u>not</u>" failed [to] exhaust his administrative remedies herein [&] if he is deemed by this court to have f[ailed] to exhaust such available administrative re[medies] herein, than he "<u>has</u>" shown excusable reaso[n for] such and <u>that</u> such remedies were "rendered unav[ailable]

11

to him thru no fault of his own and due to circumstances which were beyond his control, as described herein, supra, at 5-9, and thus, he should "not" be unfairly & unjustly penalized by having his complaint and this case dismissed for failure to exhaust administrative remedies under DC-ADM #804. For this reason, and 42 U.S.C. §1997e(a) should "not" be deemed & held to bar this instant Civil Rights Action.

    D.    THIS COURT SHOULD NOT DISMISS THIS ACTION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER DC-ADM #804 AS THE PLAINTIFF CANNOT NOW EXHAUST SUCH REMEDIES AS SUCH ARE NO LONGER AVAILABLE TO HIM NOW.

Although he may be wrong, this Plaintiff believes & therefore avers & submits that if this Court grants the Defendants' Motion To Dismiss this Plaintiff's complaint, herein this case, such dismissal is without prejudice & this Plaintiff could refile the complaint after he had exhausted his administrative remedies under DC-ADM #804; however, because this Plaintiff now has no remedies available under DC-ADM #804, due to the facts that it is way beyond the allowable 15 days time period to file such grievance, he would be barred from exhausting his administrative remedies un-

12

DC-ADM #804, *and* because he is no longer up at S.C.I.-Camp Hill, it will be futile for this court to dismiss complaint for failure to exhaust administrative remedies, without prejudice, and order the plaintiff to go back & exhaust his own prison administrative remedies and then his complaint once he has exhausted in full, as this plaintiff could "not" do so, he has no administrative remedies available to exhaust under DC-ADM #804.

For the foregoing facts, arguments & citations of authorities, Defendants' motion to dismiss the complaint, *must*, as a matter of law, fairness and judicial economy, be dismissed prejudice, by the court, here in this instant civil rights action forthwith:

                                    RESPECTFULLY SUBMITTED

(S) ____John Richard Jac____
        MR. JOHN RICHARDS
        #BQ-3219
        SCI-Greene/SMU
        175 Progress Drive
        Waynesburg, PA 15370

Dated: 24th MAY 2001=
                                    Plaintiff and Pro Se C...

13

**DC-804**
**PART 1**

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF CORRECTIONS
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**                        GRIEVANCE NO. ____

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| MR. Ben C. Livingood | SCIC | 9/27 |
| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE | |
| MR. John R. Doe, #BQ-3219 | (S) John R. Doe | |
| WORK ASSIGNMENT | QUARTERS ASSIGNMENT | |
| None | RHU–B106 Cell | |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted. I request a personal interv[iew]

**A. Brief, clear statement of grievance:** This grievance is lodged against the RHU Lt. Rhoades & Porterfield & the RHU officers on all three shifts once again, they are violating my 1st, 8th & 14th Amend. U.S. Const. Rights as follows: a)= 9/20/00, R-10 refused to [put] my outgoing mail & opened & read such mail & then return[ed] to me & on= 9/22/00, RHU Lt. Porterfield illegally had my Bible confiscated. This also violates DC-ADM #803 VI.t. E-2-f. ✓ Also, for the past weeks since around 9/13/00, the RHU officers have been opening the windows in the RHU wh[en] RHU inmates get nasty & it is cold out & I have to suffer & [a] violation of the 8th Amend. Also on 9/22/00, I was illegal[ly] [t]ransferred back here because other inmates were making ex[treme] [t]hreats that letters be burnt — illegally [...] 9/24/00 RHU Lt. Rhoades illegally denied me equal protecti[on] [b]y denying my medical turn-out, towel & bed linen though other [inmates] [g]ot such & on= 9/24/00 he threatened to assault me. This grievance is filed a[gainst]

**B. Actions taken and staff you have contacted before submitting this grievance:**
I tried to informally resolve the above matters by attem[pting] verbally discuss such with RHU Lt. Porterfield on= 9/23/00 & [with] Rhoades on= 9/24/00 but to no avail & on= 9/23/00 & 9/[??] discussed these matters with RHU Lt. Lady & on= 9/25/00 attempted to see Mr. Spink about such, but he left the block without se[eing me]

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator     Plaintiff's Exhibit — A —     Date

WHITE—Grievance Coordinator Copy     CANARY—File Copy     PINK—Action Return Copy     GOLDENROD—Inmate



SCI-CAMP HILL

SEP 26 2000

DC Number: BQ-3219    Name: Joe, John R. (RHU/D-B106-cell)

Superintendent Dragovich, Sir, I place before you in writing this letter. I am getting sick & tired of getting fucked by your officers for things I have a right to. A library book to read and being made to suffer by your officers opening & refusing to close the windows in the RHU because of a few asshole niggers who want to run their con mouths & disrupt the RHU. I say nothing and yet I am illegally denied a library book because your officers burn the whole entire front that B-Tier for their library books on Saturday, September ___ 2000, because they heard a few nigger inmates in B103, B104, B107 & B108 talking loud and your officers for the same reason will open up all the windows on RHU-B1 Tier when it is really cold outside as it has the last several days & leave such open, and if I see this you can order the RHU officers here not to touch the RHU windows unless an RHU Inmate wants them to open or close the window directly in front of his cell & then they must do so, or in the alternative I sue your RHU officers for $25,000.00 compensatory & $25,000.00 punitive damages in court for cruel & unusual punishment and deliberate indifference to my well being/health and also sue you for conspiracy along with your officers. Also at my 30 day PRC review here, Deputy Superintendent ordered that I be given my legal & retorus material on a 151 paper that I gave to the PRC here then on the same date, however, RHU Property officer Rob has deliberately & maliciously failed to comply with Palakovich's orders and give me such legal & retorus materials here & on Thursday, September 21, 2000 he brought that loud-mouthed nigger in B104 cell his legal materials because he said he had court pleadings due on 9/29/00 and I had court pleadings due on __ and on 9/21/00 RHU Lt. Rhoades deliberately maliciously given me a *liar* RHU runaround & yelled he had to be fair to inmates such that here is such exchange is hearsay

PLAINTIFF'S EXHIBIT-A (5)

CERTIFICATE OF SERVICE

I certify that on 5-25-01, I mailed to the person(s) below, a true & correct carbon copy of the Plaintiff's Brief in Opposition to Defendants' Motion to Dismiss the Complaint and Brief in Support, by U.S. 1st Class Mail, Postage Prepaid & addressed to:

Mr. Michael L. Harvey, SDAG,
Office of the Attorney General of Pennsylvania
15th Floor - Strawberry Square
Harrisburg, PA. 17120

I certify that on 5-25-01, I gave the Original of the above document to Prison Officials here for mailing to this Court.

I certify under penalty of perjury & pursuant to 28 U.S.C. §1746, above, is true & correct.

Dated/Executed on:
25th May 2001:
At: Waynesburg, Pennsylvania:

(s) Mr. John Richard
#BQ-3919
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15
Plaintiff and Pro Se