*see ad*

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,                :    CIVIL NO. 1:00-CV-2123
                                 :
        Plaintiff                :    (Judge Rambo)
                                 :
    v.                           :    (Magistrate Judge Smyser)
                                 :
SUPERINTENDENT DRAGOVICH,        :
OFFICER VALENTINE,               :
OFFICER ZIMMERMAN,               :
OFFICER TAYLOR,                  :
OFFICER NOVAK,                   :
OFFICER NEY, and                 :
OFFICER SWIFT,                   :
                                 :
        Defendants               :

FILED
HARRISBURG, PA

JUL 1 1 2001

MARY E. D'ANDREA, CLERK
PER_____
        DEPUTY CLERK

### REPORT AND RECOMMENDATION

On December 7, 2000, the plaintiff commenced this 42 U.S.C. § 1983 action by filing a complaint. On February 1, 2001, the plaintiff filed an amended complaint.

On March 6, 2000, the defendants filed a motion to dismiss the complaint. The plaintiff was granted an extension of time until May 29, 2001 to file a brief in opposition to the motion to dismiss. On May 31, 2001, the plaintiff filed a brief in opposition. After requesting and receiving an

AO 72A
(Rev.8/82)

extension of time, on June 22, 2001, the defendants filed a reply brief.

The defendants contend that the plaintiff's complaint should be dismissed because the plaintiff has failed to exhaust administrative remedies.

> 42 U.S.C. § 1997e(a) provides:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The plaintiff argues that the exhaustion of administrative remedies requirement in § 1997e(a) is unconstitutional because it conflicts with the Court's holdings in *Patsy v. Board of Regents of the State of Florida*, 457 U.S. 496 (1982), and *Monroe v. Pape*, 365 U.S. 169 (1961), that exhaustion of state remedies is not a prerequisite to an action under 42 U.S.C. § 1983. This argument is without merit. *Patsy* and *Monroe* were decided before the exhaustion requirement found

2

in § 1997e(a) was enacted as part of the Prison Litigation Reform Act of 1996. As the Court has made clear, the exhaustion of available administrative remedies is now mandatory. *Booth v. Churner*, 121 S.Ct. 1819, 1825 (2001).

The plaintiff also argues that the exhaustion requirement violates equal protection because it requires prisoners to exhaust available administrative remedies before bringing their § 1983 claims but does not require non-prisoners to exhaust available administrative remedies before bringing § 1983 claims. This argument is also without merit.

Under equal protection analysis, statutes that substantially burden a fundamental right or that target a suspect class are reviewed under "strict scrutiny;" that is, to survive, they must be narrowly tailored to serve a compelling governmental interest. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001). If a statute does not substantially burden a fundamental right or target a suspect class, it does not

3

violate equal protection principles so long as it bears a rational relationship to some legitimate end. *Id.*

Prisoners are not a suspect class. *Id.* Also, the exhaustion requirement does not substantially burden a fundamental right. The exhaustion requirement does not prevent a prisoner from bringing a civil rights action; but only requires that the prisoner first exhaust available administrative remedies. Thus, we will analyze the exhaustion requirement using rational basis review.

"[E]qual protection is not a license for courts to judge the wisdom, fairness, or logic of legislative choices." *FCC v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993). Under rational basis review, the classification in a statute bears a strong presumption of validity and the law must be upheld if there is "any reasonably conceivable state of facts that could provide a rational basis for the classification." *Id.* 313-14. The party attacking the rationality of the legislative classification has the burden "to negative every

4

conceivable basis which might support it." *Id.* at 315. A legislature is not required to articulate its reasons for enacting a statute and a legislative choice "may be based on rational speculation unsupported by evidence or empirical data." *Id.*

"Congress amended section 1997e(a) largely in response to concerns about the heavy volume of frivolous prison litigation in the federal courts." *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000)(quoting *Alexander v. Hawk*, 159 F.3d 1321, 1326 n.11 (11th Cir. 1998)). Prisoners "often file claims which are untidy, repetitious, and redolent of legal language." *Id.* at 74. The exhaustion requirement will often help focus and clarify the issues for the court. *Id.*

Deterring frivolous prisoner filings and focusing and clarifying issues for the court are legitimate governmental interests.

5

The fact that 1915e(a) does not address the problem of frivolous litigation by non-prisoner indigents does not render the statute irrational. "[T]he legislature must be allowed leeway to approach a perceived problem incrementally." *FCC v. Beach Communications, Inc.*, *supra*, 508 U.S. at 316. Congress may address "itself to the phase of the problem which seems most acute to the legislative mind" and neglect other phases of the same problem. *Williamson v. Lee Optical Co.*, 348 U.S. 483, 489 (1955).

Furthermore, the differentiation in 1915e(a) between prisoners and non-prisoners has a rational basis. Prisoners and non-prisoners are not similarly situated:

> [Prisoners] have their basic material needs provided at state expense. They are further provided with free paper, postage, and legal assistance. They often have free time on their hands that other litigants do not possess. *See Lumbert*, 827 F.2d at 259. As a result, the federal courts have observed that prisoner litigation has assumed something of the nature of a "recreational activity." *See, e.g., Gabel v. Lynaugh*, 835 F.2d 124, 125 n.1 (5th Cir. 1998). Whether recreational or not, there has been a far greater opportunity for abuse of the federal judicial system in the prison setting. *See* 141 Cong.Rec. S7256 (May 25, 1995(statement

6

AO 72A
(Rev 8/82)

>           of Sen. Kyl (noting that over one-fourth of
>           civil cases filed in federal courts were filed
>           by prisoners, and that the vast majority of
>           these cases ended in no relief for the
>           prisoner).

*Roller v. Gunn*, 107 F.3d 227, 234 (4th Cir. 1997), *cert. denied*, 522 U.S. 874 (1997). *See also Cruz v. Beto*, 405 U.S. 319, 326-27 (1972) (per curiam) (Rehnquist, J., dissenting) ("[Inmates are] in a different litigating posture than persons who are unconfined. The inmate stands to gain something and lose nothing from a complaint stating facts that he is ultimately unable to prove. Though he may be denied legal relief, he will nonetheless have obtained a short sabbatical in the nearest federal courthouse.").

The presentation of grievances by prisoners to prison administrators in a formal manner before the initiation of a lawsuit is particularly potentially beneficial in the prison institutional setting, because prison administrators may address and change practices and policies instead of becoming enmeshed in litigation. 42 U.S.C. § 1983 cases arising outside the prison setting are not as likely as prisoner civil rights

7

claims to concern practices, policies and conditions and are more likely to involve incidents. 42 U.S.C. § 1983 claims arising from incidents rather than from conditions or practices are not as likely to be amenable to a resolution through a grievance, since compensation rather than change is more likely the desired remedy.

We conclude that 28 U.S.C. § 1915e(a) is rationally related to a legitimate end. Thus, it does not violate equal protection.

The Pennsylvania Department of Corrections has implemented a grievance system known as the Consolidated Inmate Grievance Review System. The grievance system is governed by Administrative Directive 804 (DC-ADM 804). At the time of the events in this case, DC-ADM 804 provided that an inmate must present his grievance to the grievance coordinator for initial review. DC-ADM 804 further provided that the inmate may appeal an adverse grievance coordinator's determination to the

Superintendent, and from there a right to appeal lies to the Department of Correction Chief Hearing Examiner.

In the instant case, the plaintiff asserts that he filed a grievance concerning the claims in this case but that the grievance coordinator returned the grievance unprocessed. It appears from the plaintiff's brief that the grievance was returned because it contained numerous issues in violation of DC-ADM 804 VI(A)(5), which provides that grievances based on different events should be presented separately unless it is necessary to combine the issues to support the claim.

The plaintiff should have either appealed the return of his grievance or submitted another corrected grievance. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999)("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations."). Although DC-ADM 804 Section VII(B)(1) provides that initial

AO 72A
(Rev 8/82)

review procedures must be completed before an appeal may be sought and DC-ADM Section VII (D)(2) provides that final review will not be permitted until the inmate has complied with all procedures for initial review and appeal, there is nothing in DC-ADM 804 that indicates that the return of the plaintiff's grievance as not complying with DC-ADM 804 Section VI(A)(5) would not be considered a written response to the plaintiff's initial grievance satisfying the initial review procedures. The plaintiff should have attempted to administratively appeal the initial rejection of his grievance.

Moreover, DC-ADM 804-4 provides that: "Grievances must be submitted for initial review to the Facility/Regional Grievance Coordinator within fifteen days (15) after the events upon which the claims are based. Extensions of this time period may be granted by the Facility Manager/Regional Director for good cause. Such extensions will normally be granted if the events complained of would state a claim of violation of federal right." Since the plaintiff could have and still can seek an extension of time to file his grievance, the plaintiff

10

has not exhausted available administrative remedies. *See Harper v. Jenkin*, 179 F.3d 1311, 1312 (11th Cir. 1999)("Since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.").

Since the plaintiff has not exhausted available administrative remedies, it will be recommended that the defendants' motion to dismiss be granted and that the plaintiff's claims be dismissed without prejudice.

Based on the foregoing, it is recommended that the defendants' motion (doc. 16) to dismiss be granted and that the plaintiff's claims be dismissed without prejudice based on the plaintiff's failure to exhaust available administrative remedies.

J. Andrew Smyser
Magistrate Judge

Dated: July 11, 2001.

11

```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
JOHN RICHARD JAE,                  :    CIVIL NO. 1:00-CV-2123
                                   :
          Plaintiff                :    (Judge Rambo)
                                   :
     v.                            :    (Magistrate Judge Smyser)
                                   :
SUPERINTENDENT DRAGOVICH,           :
OFFICER VALENTINE,                 :
OFFICER ZIMMERMAN,                 :
OFFICER TAYLOR,                    :
OFFICER NOVAK,                     :
OFFICER NEY, and                   :
OFFICER SWIFT,                     :
                                   :
          Defendants               :
```

**FILED
HARRISBURG, PA

JUL 1 1 2001

MARY E. D'ANDREA, CLERK
PER_____
              DEPUTY CLERK**

## NOTICE

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: *July 11, 2001.*

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 11, 2001

Re:   1:00-cv-02123     Jae v. Dragovich

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae
SCI-GREENE
#BQ-3219
175 Progress Drive
Waynesburg, PA   15370

Michael L. Harvey, Esq.
Office of Attorney General
Strawberry Square
15th Floor
Harrisburg, PA   17120

```
cc:
Judge                              (✓)              ( ) Pro Se Law Clerk
Magistrate Judge                   (✓)              ( ) INS
U.S. Marshal                       ( )              ( ) Jury Clerk
Probation                          ( )
U.S. Attorney                      ( )
Atty. for Deft.                    ( )
Defendant                          ( )
Warden                             ( )
Bureau of Prisons                  ( )
Ct Reporter                        ( )
Ctroom Deputy                      ( )
Orig-Security                      ( )
Federal Public Defender            ( )
Summons Issued                     ( )  with N/C attached to complt. and served by:
                                        U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5                ( )
Order to Show Cause                ( )  with Petition attached & mailed certified mail
                                        to: US Atty Gen    ( )    PA Atty Gen ( )
                                            DA of County  ( )    Respondents ( )
Bankruptcy Court                   ( )
Other _____            (✓)
                                                        MARY E. D'ANDREA, Clerk
```

DATE: _____7-11-01_____           BY: _____/s/_____
                                          /Deputy Clerk