IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,             CIVIL NO. [illegible]
    Plaintiff,

                              Judge Rambo

vs.                           Magistrate Judge [illegible]

SUPERINTENDENT DRAGOVICH, et al.,
    Defendants

FILED
HARRISBURG
JUL 27 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

PETITION FOR WRIT OF MANDAMUS AND BRIEF IN SUPPORT

COMES NOW, the Plaintiff and Pro Se Counsel in the above Civil Action, John Richard Jae, as a Layman unlettered in the Arts & Sciences of Laws & legal procedures within the United States, & now files his Petition for Writ of Mandamus & Brief in Support, pursuant to 28 U.S.C. §1651, herein, & who avers, as follows:

I. THE PETITION

1. On December 7, 2000, the Plaintiff commenced this 42 U.S.C. §1983 Civil Rights Action by filing a complaint. On February 1, the Plaintiff filed an Amended Complaint.

2. On March 6, 2001, the Defendants, by counsel, filed a Motion to Dismiss the Complaint. Defendants' Brief in Support of Motion to Dismiss was filed on March 29.

3. On May 31, 2001, Plaintiff John Richard Jae filed his Brief in Opposition to Defendants' Motion to Dismiss the Complaint.

4. On June 22, 2001, Defendants, by counsel, filed their Reply [Brief]

1

5. On July 11, 2001, U.S. Magistrate Judge J. Andrews filed his Report and Recommendation, thus recommending therein that Defendants' Motion to Dismiss be granted.

6. ~~Plaintiff John Richard Jae~~
6. This is the Plaintiff's now moves this Court for an Requiring SCI-Greene Prison Officials to Return to the Plaintiff All of His Legal Materials, Court Case Files/Papers and own Personal Law Books And to Provide Him With Enough Carbon Paper And Envelopes to Enable Him to Prepare And File His Written Objections to the U.S. Magistrate Judge's Report & Recommendation of July 11, 2001, herein this case, by & they here Petition For Writ of Mandamus And Brief in Support on the following facts, arguments & citations of authorities below.

II. BRIEF IN SUPPORT

Plaintiff John Richard Jae avers & submits that on 2001, he sent a written Request Form to his SCI-Greene Unit Manager Ken Miller, complaining about inter the fact that he has not been to his stored property exchange legal & religious materials for over 30 days June 17, 2001, because the 2-10 shift inmate property Inmate Property here are not followed and are violat DC-ADM. #801. VI. M. 5., which states an in shall have access to his property once every 30

Mr. Miller failed to do anything at all to corre remedy this here policy violation, although he was legally required to do so.

Furthermore, prison officials here at SCI-Green illegally deny this Plaintiff, who is an indigent inmate, sufficient enough file paper and carbon paper to prepare his legal/court pleadings in 12 active State and Federal court cases, and in particular, to prepare his written objections to the Magistrate Judge's Report And Recommendation of July 2001, herein this instant case, and large Manila envelopes which this Plaintiff needs to mail written objections to this Court and to defense counsel.

Because the SMU officers refuse to allow this Plaintiff to go to his stored property to get out & take back to his cell with him his court case file/papers in this case and his own personal law books, which he needs, & because SCI-Green prison officials are denying him sufficient enough paper & carbons which enable him to prepare said written objections and enough large manila legal envelopes to mail such to this Court & to defense counsel, they are denying him access to courts in violation of the 1st & 14th Amendments of U.S. Constitution & of Article 1, §20 of the Pa. State Const. and they are also frustrating the proper administration and they are failing in their legal duty to assist this prisoner-Plaintiff in the preparation & filing of meaningful legal pleadings with the courts. See = Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491, 1498 (1977).

In Peterkin v. Jeffes, 855 F.2d 1021 (3d Cir. 1988), our

Circuit U.S. Court of Appeals reasoned that

> An actual injury necessarily occurs by virtue of a prison's failure to provide the level of assistance required under Bounds.

and herein this instant case the prison has failed to provide the level of assistance required under Bounds as in this pending.

Furthermore, this Plaintiff avers & argues that, seizure or deprivation of a prisoner's legal papers violates the Constitution. See: Brownlee v. Conine, 957 F.2d 353 (7th Cir. 1992); Roman v. Jeffes, 904 F.2d 192, 198 (3d Cir. 1990); Morgan v. James, 810 F.2d 344, 347 (2d Cir. 1987); Simmons v. Dickhaut, 804 F.2d 183-85 (1st Cir. 1986); Wright v. Newsome, 795 F.2d 967, 968 (11th Cir. 1986); Patterson v. Mintzes, 717 F.2d 284, 288 (6th Cir. 1983); Tyler v. Woodson, 597 F.2d 643, 644 (8th Cir. 1979); Hall v. Sutton, 755 F.2d 786, 787 (11th Cir. 1985); Zilich v. Lucht, 981 F.2d 694 (3d Cir. 1992); Sowell v. Vose, 941 F.2d 32, 34-35 (1st Cir. 1991); Williams v. ICC Committee, 812 F.Supp. 1029, 1032-33 (N.D. Cal. 1993); Gallipeau v. Berard, 734 F.Supp. 48, 53 (D.R.I. 1990); Balla v. ___, 606 F.Supp. 176, 183-84 (S.D.N.Y. 1985); Sire v. Berden, 526 F.Supp. 1264, 1265 (N.D.W.Va. 1981); Stringer v. Thompson, 537 F.Supp. 133, 137 (N.D. Ill. 1988); and in Carter v. Hutto, ___ (4th Cir. 1986); the U.S. Court of Appeals for the Fourth Circuit

held:
> He has asserted that prison officials confiscated and/or destroyed his legal materials some of which were irreplaceable thus infringing or rendering nugatory his constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977) (State's failure to provide legal research facilities denies inmates access to the courts in violation of the fourteenth amendment); Hudspeth v. Figgins, 584 F.2d at 1337-8 (alleging that correctional authorities threatened prisoner with physical

harm to deter him from seeking judicial relief for states cognizable claim under §1983)" Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (confiscation of legal materials from prisoners constitute unreasonable interference with access to the courts. Were Carter to succeed in proving these allegations, his entitlement to some remedy would be beyond dispute. (Carter, 781 F.2d at 1030.)

Furthermore, in Tyler v. "Ron" Deputy Sheriffs, 574 F.2d 427, 429 (8 Cir. 1978), the U.S. Court of Appeals for the Eighth Circuit stated: "the taking of a prisoner's legal papers states a claim under 42 U.S.C. §1983 or 1985 if the taking results in interference with or infringement of the prisoner's constitutional right of access to the courts. Stgafus v. Brown, 416 F.2d 105 (7th Cir. 1969)." (Tyler, 574 F.2d at 429).

Furthermore, in Patterson v. Mintzes, 717 F.2d 284 (1983), the U.S. Court of Appeals for Sixth Circuit, stated/held:

> As has been summarized:
> 
> "[P]ersons in prison, like other individuals, have the right to petition the government for redress of grievances which of course includes access of prisoners to the courts for purposes of presenting their complaints." Cruz v. Beto, 405 U.S. 319, 321, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972), quoting Johnson v. Avery, 393 U.S. 483, 485, 89 S.Ct. 747, 748, 21 L.Ed.2d 718 (1969). Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Prison officials are charged with the responsibility of assuring that inmate access to the courts is adequate, effective and meaningful. Bounds supra, 97 S.Ct. at 1495. See also, Burns v. Ohio, 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); Smith v. Bennett, 365 U.S. 708, 81 S.Ct. 895, 6 L.Ed.2d 39 (1961). A prisoner's First Amendment guarantees must be freely exercisable without hinderance. Milhouse supra, 652 F.2d at 377, referencing Ferranti v. Moran, 618 F.2d 888, 891-92 (1st Cir. 1980); Garland v. Polley, 594 F.2d 1220, 1222-23 (8th Cir. 1979); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978), cert. denied, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979). (Patterson, 717 F.2d at 288).

See also Hiney v. Wilson, 520 F.2d 589, 591 (2d Cir. 1975) and Re Caughlin, 517 F.2d 1311, 1320 (7th Cir. 1975).

5

Furthermore, plaintiff avers & submits that, prison official cannot deny a prisoner his legal research, scientific or otherwise. Holding p[roperty] in an area beyond prisoner control violates the case's integrity. Official refus[al to] supply sufficient cell storage space is no excuse to abridge right[s].

The American Correctional Association (ACA) Standard §§ 3-426[5] to the courts grants, "--- the right of access to the courts minimally p[ermits] inmates have the right to present any issue, including the following: Cha[llenging] legality of their conviction or confinement, seeking redress for illegal c[onditions] or treatment while under correctional control, pursuing remedies in con[nection] with civil legal problems, and asserting against correctional or oth[er] governmental authority any other right protected by constitutional or [statutory] provisions or common law. Inmates seeking judicial relief are not sub[ject] or penalties because of the decision to seek relief."

Court access enters the picture through the First Amendment w[hich] deny the ability to have the materials necessary to comprehend the evidence and reports of one's criminal conviction. Transcripts and e[vidence] not generic, but specific to each conviction. Errors in one cas[e may] appear in the next. Thus, prison officials cannot deny an inmate research, scientific or otherwise, when the inmate's only cha[nce] is "in the books" through the courts.

In Bounds, supra, 97 S.Ct., at 1196, the U.S. Supreme court [said] moreover, our decisions have consistently required states shoulder affirmative obligations to assure all prisone[rs] meaningful access to the courts. It is indisputab[le] that indigent inmates must be provided at state exp[ense] with paper and pen to draft legal documents, with n[otarial] services to authenticate them, and with stamps to m[ail] them."

Plaintiff also reminds this court of what U.S. District [Court] held in her October 6, 2000 orders in Jae vs. Long, et al., C[ivil No.] 1=CV-99-0071, and in Jae vs. Laskey, civil No. 1=CV-99-18[00]

(3d Cir. 1981).

(W)HEREFORE, based upon the foregoing facts, argum[ents] & citations of authorities, herein, Plaintiff John Richard Doe, [prays] that this court will enter an order, ordering, that this Petition/[Motion is] granted, and directing SCI-Greene prison officials to forthwith [return] all of his legal materials, court case files/papers and his own p[ersonal] law books to this plaintiff here, and that they are to provide [this] plaintiff with one (1) legal pack (50 sheets of paper and 5 [sheets] of carbon paper) and two (2) large manila legal envelopes [immediately].

IT IS FURTHER ORDERED, that the clerk of this c[ourt] shall forward a copy of this court's order, granting, this [motion] to the Superintendent, SCI-Greene, 169 Progress Dr[ive,] Waynesburg, PA - 15370, at the same time as the clerk s[ends] the order out to the parties, herein this case:

AND HE SHALL EVER PR[AY]
RESPECTFULLY SUBMIT[TED]

(S) John Richard [Doe]
    MR. JOHN RICHAR[D DOE]
    #AQ-38[??]
    SCI-Greene/SMU
    175 Progress Drive
    Waynesburg, PA - 15[370]

Dated: 22nd July 2001:



Mr. Joshua D. Yre
#BS-7532
Self Crary/SMU
175 Prugressc Drive
Waynesberg, PA 17320

Re: Office of the Clerk
US District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108-0983