37
9/4/01

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : CIVIL NO. 1:00-CV-2123 |
| Plaintiff | : |
| v. | : |
| SUPERINTENDENT DRAGOVICH, OFFICER VALENTINE, OFFICER ZIMMERMAN, OFFICER TAYLOR OFFICER NOVAK, OFFICER NEY and OFFICER SWIFT, | : FILED<br>HARRISBURG, PA<br>AUG 3 1 2001 |
| Defendants | : MARY E. D'ANDREA, CLERK<br>Per_____<br>Deputy Clerk |

## ORDER

The background of this order is as follows:

On July 11, 2001, the magistrate judge to whom this matter was referred filed a report and recommendation in the captioned action. Plaintiff filed a motion for an extension of time to file his objections to the magistrate judge's report and recommendation. On August 14, 2001, Plaintiff also filed a petition for a writ of mandamus. On August 14, 2001, the magistrate judge granted Defendants until August 27, 2001 to file a brief in opposition to the mandamus. The undersigned did not receive a copy of the August 14 order of the magistrate judge and presumed from the status of the record before her on August 15 that the petition had not been served. Therefore, the court issued an order on August 15 deferring ruling on the petition for writ of mandamus and granting Plaintiff leave until August 27, 2001 to file objections to the report and recommendation.

On August 27, 2001, Plaintiff filed a petition for reconsideration of the August 15, 2001, order seeking a further extension of time to file objections to the

report and recommendation until the court rules on the petition for a writ of mandamus.

The mandamus petition seeks two forms of relief from Defendants: (1) additional writing materials, postage and envelopes in order to pursue his pending cases; and, (2) specifically as to this case, his case files. As to the latter, Plaintiff claims that he cannot file objections to the report and recommendation until he has his case file and, therefore, needs additional time to file objections after receipt of his file.

On August 29, 2001, Defendants filed a late response to the mandamus petition, which this court allowed. The petition for mandamus will now be addressed.

By way of background, since February 26, 1990, Plaintiff has filed fourteen law suits in this district.[1] Three cases are still open; two have been dismissed by stipulation; three were dismissed as frivolous; five were dismissed for failure to pay the filing fee and for frivolousness, and one was closed by the grant of summary judgment to Defendants.

In most of these cases, Plaintiff filed requests for continuances using as a reason that he has insufficient writing materials and/or postage.

Plaintiff has clearly abused the resources available to him in order to engage in frivolous litigation. In addition, Plaintiff always seems to find sufficient writing materials to seek continuances from most of his deadlines. Relief will not be granted on this issue.

Concerning requests for his file in this case, the court notes that Plaintiff requested an exchange of property on August 21, 2001 and that said exchange was

---

[1] In addition, a habeas action was filed which was dismissed.

2

permitted on August 28, 2001.[2] Presumably, Plaintiff received in that exchange the materials pertinent to this case such that he will now be able to file objections to the report and recommendation.

Petitioner has not shown any extraordinary circumstances that entitles him to the extraordinary remedy of mandamus. See Kerr v. United States District Court, 426 U.S. 394, 402 (1976); Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992).

**IT IS THEREFORE ORDERED THAT:**

1) The Petition for a writ of mandamus is denied.

2) The motion for reconsideration is granted.

3) Plaintiff is granted to September 17, 2001, to file objections to the report and recommendation of the magistrate judge.

SYLVIA H. RAMBO
United States District Judge

Dated: August 31, 2001

---

[2] Inmates are permitted to exchange legal materials every 30 days between their cell allowance and the records center. (Affid. of Craig Harris, attached to Defs.' Resp. to Pet. for Mandamus.)

3

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

Re: 1:00-cv-02123    Jae v. Dragovich

True and correct copies of the attached were mailed by the clerk to the following:

John Richard Jae, BQ-3219
SCI-GREENE
175 Progress Drive
Waynesburg, PA  15370

Michael L. Harvey, Esq.
Office of Attorney General
Strawberry Square 15th Floor
Harrisburg, PA  17120

```
cc:
Judge                         (X)           ( ) Pro Se Law Clerk
Magistrate Judge              ( )           ( ) INS
U.S. Marshal                  ( )           ( ) Jury Clerk
Probation                     ( )
U.S. Attorney                 ( )
Atty. for Deft.               ( )
Defendant                     ( )
Warden                        ( )
Bureau of Prisons             ( )
Ct Reporter                   ( )
Ctroom Deputy                 ( )
Orig-Security                 ( )
Federal Public Defender       ( )
Standard Order 93-5           ( )
Order to Show Cause           ( )  with Petition attached & mailed certified mail
                                   to: US Atty Gen   ( )   PA Atty Gen   ( )
                                       DA of County  ( )   Respondents   ( )

Bankruptcy Court              ( )
Other_____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: August 31st, 2001

BY: _____
    Deputy Clerk