ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | |
| | : | |
| Plaintiff | : | |
| | : | No. 1: CV-00-2123 |
| v. | : | |
| | : | (Judge Rambo) |
| SUPERINTENDENT DRAGOVICH, | : | |
| et al. | : | (Magistrate Judge Smyser) |

FILED
HARRISBURG
AUG 29 2001
MARY E. D'ANDREA, CLI
Per_____
DEPUTY CLERK

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S "PETITION FOR A WRIT OF MANDAMUS"

### STATEMENT OF THE CASE

**Procedural History**

This is a civil rights action brought by a prisoner challenging conditions of confinement in the Restricted Housing Unit at the State Correctional Institution at Camp Hill (SCI-Camp Hill).

The plaintiff is John Richard Jae, a prisoner currently incarcerated at the State Correctional Institution at Greene (SCI-Greene). Defendants are the Superintendent and various Correctional Officers employed at SCI-Camp Hill.

Plaintiff commenced this action on December 7, 2000. He subsequently amended his complaint. On March 6, 2001 defendants moved to dismiss based on the failure to exhaust administrative remedies. After receiving an enlargement of time within which to respond, plaintiff filed a memorandum

opposing the motion on May 31, 2001.

Magistrate Judge Smyser issued a report and recommendation regarding the motion on July 11, 2001. He recommended that the action be dismissed without prejudice to permit the plaintiff to exhaust his administrative remedies.

Plaintiff has not objected to the report, but he has filed other documents in connection with the report and recommendation. On July 27, 2001, plaintiff filed a petition for a writ of mandamus and supporting brief. On the same date, he also filed a motion for an enlargement of time to file his objections to the Magistrate Judge's report and recommendation.

The petition for a writ of mandamus seeks an order compelling unspecified officials at SCI-Greene to "return to this plaintiff *all* of his legal materials, court case files/papers and his own personal law books and to provide him with enough paper, carbon paper and envelopes to enable him to prepare and file his written objections to the U.S. Magistrate Judge's report..." (Petition, p. 2). The petition asserts that prison officials have refused him access to his legal materials in violation of prison policies and constitutional requirements (Petition, pp. 2-3).

The petition does not identify the specific legal materials plaintiff

2

needs to respond to the report nor does he explain how the materials he seeks will assist him in responding (*id*). Likewise, plaintiff does not explain how he was able to file and serve his petition for mandamus and supporting brief and his motion for an enlargement of time in light of his assertion that officials at SCI-Greene are not giving him enough free paper and carbon paper to pursue his various lawsuits (Petition, p.3)

Plaintiff's motion for an enlargement of time, requested an enlargement of 30 days after the Court rules on the petition for a writ of mandamus to file objections to the report and recommendation.

Defendants sought and Magistrate Judge Smyser granted an enlargement of time to respond to the petition for a writ of mandamus until August 27 (Order of August 14, 2001). In the meantime, the Court believing that defendants had not been served with the mandamus petition,[1] granted plaintiff's motion for an enlargement in part and denied it in part. The Court extended the time for plaintiff to file his objections until August 27, 2001 and noted that no further extensions would be granted (Order of August 15, 2001). On August 27,

---

[1] The Court's confusion no doubt stemmed from the fact that plaintiff neglected to include a certificate of service with his petition. Indeed, counsel for defendants noted that deficiency in defendants' motion for an enlargement (Def. Mot. ¶5).

3

plaintiff filed a motion for reconsideration but he did not file his objections (Docket).

Defendants submit this memorandum in opposition to plaintiff's petition for a writ of mandamus.[2]

**Relevant Facts**[3]

The plaintiff is currently housed in the special management unit at SCI-Greene (Harris dec., ¶¶1,2). The unit houses inmates who repeatedly exhibit disruptive, violent or dangerous behavior and who have been frequently disciplined (Harris dec., ¶1).

Inmates housed in the unit are each allowed to retain in their cells, one records center box for legal and religious materials (Harris dec. ¶3). The rest of the inmate's property is kept in storage (*id.*). An inmate may exchange material in his box for material in storage no more than once every thirty days except upon special approval (*id.*). The institution maintains a property tracking sheet for each inmate showing when property was placed in or removed from storage (Harris

---

[2] A motion for leave to file this memorandum two days out of time is also being filed today.

[3] In support of this memorandum, defendants are submitting the unsworn declaration of Craig Harris, the counselor for the housing unit where plaintiff is currently located. The relevant facts are drawn from the Harris declaration.

4

dec., ¶¶3,4, Ex. A).

The property tracking sheet for plaintiff shows that he was permitted to exchange property on June 17, 2001 and on July 25, 2001 (Harris dec., ¶4, Ex. A). In addition, prison records show that plaintiff sought permission to exchange property on August 28 and that permission was granted (Harris dec., ¶4, Ex. B).

## ARGUMENT

### PLAINTIFF HAS FAILED TO ESTABLISH HIS RIGHT TO A WRIT OF MANDAMUS.

The All Writs Act, 28 U.S.C. §1651(a) authorizes the Court to issue various writs, including a writ of mandamus, that are "necessary and appropriate in aid of ...[its] jurisdiction and agreeable to the usages and principles of law." The courts have recognized that mandamus is a drastic remedy, which should issue only in extraordinary circumstances. *In re Nwanze,* 242 F.3d 521, 524 (3d Cir. 2001).

Thus, in addition to being necessary to aid in the exercise of the court's jurisdiction, mandamus may issue only where the petitioner has no other means of obtaining relief and where petitioner establishes a clear and indisputable right to the relief requested. *In re Chambers Development Co., Inc.,* 148 F.3d 214, 223 (3d Cir. 1998).

In this case, plaintiff fails to show that the writ is necessary to aid the court in exercising its jurisdiction and he fails to establish a clear and indisputable right to the relief requested. Plaintiff makes no attempt to specifically identify the materials he seeks from his boxes nor does he explain how the material will assist him in preparing his objections to the report and recommendations. Bald assertions that he needs his materials are simply inadequate to meet his burden of establishing his right to relief. *Id.*

This Court was recently presented with a similar petition by the plaintiff in another action he is pursuing. In *Jae v. Kyler,* C.A. No. 1:CV-00-0315, plaintiff also sought a writ in mandamus to compel officials at SCI-Greene to provide him with his legal materials and to provide him with paper, carbon paper and envelopes. The Court rejected his petition concluding that the writ sought was not appropriate or necessary to aid the court in the exercise of its jurisdiction (C.A. No. 1:CV-00--315, Order of August 14, 2001, p.6). In reaching that conclusion, the Court noted:

> The plaintiff has not identified what property it is that he needs to utilize to prepare his brief in opposition to defendants' motion for summary judgment. Moreover, although the petitioner asserts that prison officials are not following the policy on exchanges, it is clear from the plaintiff's briefs and declaration that he had the opportunity

6

> to go through his property on May 22, 2001 and June 17, 2001. The plaintiff's assertion that he does not have enough paper, carbon paper and envelopes to litigate this action is belied by the numerous, unnecessarily lengthy documents he has filed in this case.

(*Id.*, p.7). The same is true here.

As noted above, plaintiff has made no effort to identify what property he needs to litigate this case. Moreover, the Harris declaration and attached property tracking sheet show that the plaintiff had access to his property on June 17, 2001 and on July 25, 2001 (Harris dec., ¶4, Ex. A). Since the report and recommendation was issued on July 11, it appears that plaintiff has already had an opportunity to obtain whatever materials he may need to make his objections. Moreover, he had that opportunity well in advance of the August 27 deadline the Court established for filing his objections.

With regard to plaintiff's assertion that he has not been given enough paper, carbon paper and envelopes to pursue this matter, his assertions are belied by the fact that since the report and recommendation issued, plaintiff has filed a 7 page petition for a writ of mandamus, a one page motion for enlargement and a three page petition for reconsideration of the Court's order of August 15, 2001.

Plaintiff's petition for a writ of mandamus should be denied in all respects.

7

## **CONCLUSION**

For all of the preceding reasons, plaintiff's petition for a writ of mandamus should be denied.

                                        **Respectfully submitted,**

                                        **D. MICHAEL FISHER**
                                        **Attorney General**

BY: _/s/ Michael L. Harvey_

                                        **MICHAEL L. HARVEY**
                                        **Senior Deputy Attorney General**

                                        **SUSAN J. FORNEY**
                                        **Chief Deputy Attorney General**
                                        **Chief, Litigation Section**

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526

DATE: August 29, 2001

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**JOHN RICHARD JAE,** :
:
      **Plaintiff** :
: No. 1: CV-00-2123
v. :
: (Judge Rambo)
**SUPERINTENDENT DRAGOVICH,** :
et al. : (Magistrate Judge Smyser)

## UNSWORN DECLARATION OF CRAIG HARRIS

I, **Craig Harris,** hereby declare that the following is true and correct and based upon my personal knowledge:

1. I am the counselor for the special management unit (SMU) at the State Correctional Institution at Greene. The SMU is a housing unit for inmates who repeatedly exhibit disruptive, violent or dangerous behavior and who have been frequently disciplined. The unit is designed to provide each inmate with incentives to improve his behavior so he can return to general population or another suitable status.

2. One of the inmates housed in this unit is John Jae, BQ-3219.

3. An inmate in the SMU is allowed one records center box in his cell for legal and religious material. The rest of the inmate's personal property must be kept in storage. The inmate may exchange legal and religious material not

more often than every thirty days except upon special approval. A property access tracking sheet is maintained for each inmate showing what property was placed in or removed from storage.

4. Attached hereto as Exhibit A is the property access tracking sheet for John Jae, as of August 25, 2001. It shows that Jae exchanged property on June 17, 2001, and on July 25, 2001. Attached hereto as Exhibit B is Jae's request to exchange property dated August 21, 2001, and the staff response. The staff response notes that the date for property exchange requested by Jae is August 28, 2001, and that that date was good. Jae was permitted to exchange legal material on August 28, 2001.

_Craig Harris CCII_
CRAIG HARRIS

**Executed On:**

**EXHIBIT A**

AUG. 28. 2001   1:30PM                                                         NO. 602   P. 2

## PROPERTY ACCESS TRACKING SHEET

P = PLACED IN PROPERTY                         DC 153# ~~XXXXXX~~

R = RELEASED FROM PROPERTY              INMATE NAME: John ~~XXX~~ JAE

                                                               INMATE NUMBER: ~~XXXXXX~~ BQ35

| DATE | ACCESS CODE P OR R | ITEM, DESCRIPTION, CONFISCATED ITEMS RECEIPT # | OFFICER'S NAME (PLEASE PRINT) |
|---|---|---|---|
| 11-16-00 | R, P | 30 day exchange | Ryla |
| 12-4-00 | L, R | 30 Day exchange | Won |
| 12-12-00 | P | 2 Books - Law of sentencing - PA Rules of court | Ryla 808 |
| 12-15-00 | 30 Day Exchange | Waived art. 30 day exchange/next annual date Feb. 9, 2001 cc: File, Lt. Weaver. (Legal) | Connen |
| 12-18-00 | P | 7 VANILLA envelopes (over cell content) | SAP cc |
| 12-29-00 | L, R | LEGAL EXCHANGE AB for C/M. W/A.R. MARTIRANTE BEARD ASSISTIVE | NRA |
| 2-23-01 | R | ISSUED 1 BOX legal, Religious Material upon Return from A.T.A. per C.M. | SAP.c |
| 3-7-01 | P, R | Inmate Accessed Property - exchanged legal material - Discarded a quantity of misc paperwork and 8 books as documented on DC154A dated 3-7-01 in an effort to reduce property / | M. Swim um |
| 4-26-01 | 30 Day | 30 Day Exchange / | Connen, Moore |
| 5-27-01 | 30 Day | 30 Day Exchange  1 hr out | Moore / Saylor |
| 6-27-01 | 30 Day | 30 Day Exchange  45 minuts | Moore / saylor |
| 7-20-01 | 30 Day | 30 Day Exchange | Saylor Moore |

FICER'S SIGNATURE: _____   DATE: _____

MATE'S SIGNATURE: _____   DATE: _____

ATTN: MICHAEL HARVEY          717 772 4526
-183-6896                     FAX
                              ATTY GEN OFFICE

**EXHIBIT B**

AUG.28.2001   1:31PM                                              NO.602   P.3

H-B-9   BQ3219

| Form DC-135A | Commonwealth of Pennsylvania |
| --- | --- |
| **INMATE'S REQUEST TO STAFF MEMBER** | Department of Corrections |
| | **INSTRUCTIONS** Complete items number 1-8. If you follow instructions in preparing your request, it can be responded to more promptly and intelligently. |

| 1. To: (Name and Title of Officer) Officer Moore, SMU 2-10 Shift | 2. Date: 8/21/01 |
| --- | --- |
| 3. By: (Print Inmate Name and Number) MR. John R. Jae, #BQ-3219  *John R. Jae* — Inmate Signature | 4. Counselor's Name MR. Harris |
| | 5. Unit Manager's Name MR. Miller |
| 6. Work Assignment None | 7. Housing Assignment HB9 |

8. Subject: State your request completely but briefly. Give details.

Off. Moore,

Can I please get my stored property to exchange legal and reference materials for my 30 day property exchange which is due on August 28, 2001, as that is the 30day and I have a brief due in Jae vs. Kyler et al., CIV. No. 1: CV-00-0315 in September 2001, & some of the legal papers which I need for such brief are in my stored property boxes here.

                                  Thanks.


8-25 expected date
good

8/28/01  Requested Property Exchange date by inmate Jae

| To DC-14 CAR only ☐ | To DC-14 CAR and DC-15 IRS ☐ |

Staff Member Name _____ / _____   Date _____
                      Print              Sign

Revised July 2000

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : |
| | : No. 1: CV-00-2123 |
| v. | : |
| | : (Judge Rambo) |
| SUPERINTENDENT DRAGOVICH, | : |
| et al. | : (Magistrate Judge Smyser) |

## CERTIFICATE OF SERVICE

AND NOW, this 29th day of August, 2001, I, MICHAEL L. HARVEY, Senior Deputy Attorney General, counsel for defendants in the above-captioned action, hereby certify that I this day served the foregoing document by causing a copy of the same to be deposited in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

_____
**MICHAEL L. HARVEY**
**Senior Deputy Attorney General**

**DATE: August 29, 2001**