copy (3)

**JUDGE'S COPY**

From The Desk Of:
Mr. John Richard Jae,
#BQ-3919
SCI-Greene/AMU
175 Progress Drive
Waynesburg, PA. 15370-8089
September 17, 2001

**ORIGINAL** /s/ cr

To: Office of the Clerk,
U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA. 17108-0983

RECEIVED
HARRISBURG, PA

SEP 21 2001

MARY E. D'ANDREA, CLERK
Per _____

Re: Jae vs. Dragovich, et al.
Civil No. 1:CV-00-2123    J Rambo.

Dear Clerk:

Please file the enclosed Plaintiff's Written Objections To U.S. Magistrate Judge's Report And Recommendation of July 17, 2001, Herein the above-captioned civil rights case and forward such to U.S. District Judge Rambo.

CC: Mr. Michael L. Harvey, SDAG,
w/encl.

Sincerely,
(s) _____
Mr. John Richard Jae
Plaintiff and Pro Se Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN RICHARD JAE,
          Plaintiff,

          vs.

SUPERINTENDENT DRAGOVICH,
OFFICER VALENTINE, OFFICER
ZIMMERMAN, OFFICER TAYLOR,
OFFICER NOVAK, OFFICER NEP and
OFFICER SWIFT,
          Defendants.

CIVIL NO. 1CV-00-
U.S. District Judge R...
Magistrate Judge Smy...

FILED
HARRISBURG, PA
SEP 21 2001
MARY E. D'ANDREA, CLER[K]
Per _____
       Deputy Clerk

PLAINTIFF'S WRITTEN OBJECTIONS TO THE U.S. MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION OF JULY 11, 2001, HEREIN

Comes now, the Plaintiff Pro Se Counsel in the above-entitled action, John Richard Jae, as a Layman Unlettered in the Arts & Sciences of the Law & Procedures within the United States, who, pursuant to Fed.R.Civ.P. 72(b) and Counts M.D.LR 72.3 now files his Plaintiff's written objections to the U.S. Magistrate Judge's Report And Recommendation of July 11, 2001, herein, & who avers:

On or About December 17, 2000, the Plaintiff commenced this 42 U.S.C. §1983 action by filing a complaint. On February 1, 2001, the Plaintiff filed an Amended [Complaint].

On March 6, 2001, the Defendants filed a Motion to Dismiss the Complaint. On March 20, 2001, Defendants filed their Brief In Support of Defendants' Motion to Dismiss.

On May 29, 2001, Plaintiff filed his Brief In Opposition to Defendants' Motion to Dismiss the Complaint and Brief In Support.

On July 11, 2001, the U.S. Magistrate Judge filed his Report And Recommendation, thus recommending that, the defendants' motion to dismiss be granted, & that the Plaintiff's claims be dismissed without prejudice based on Plaintiff's failure to exhaust available administrative remedies.

On July 22, 2001, Plaintiff filed his Petition for Writ of Mandamus & Brief In Support.

On August 31, 2001, U.S. District Judge Sylvia H. Rambo illegally denied...

And granted Plaintiff's Petition For Reconsideration of this Court's August 15, 2001, Order and ordered that Plaintiff is granted to September 19, 2001, to file objections to report and Recomendation of the Magistrate Judge.

Plaintiff now complies with such August 31, 2001, Order and under Protest now files his written Objections to The U.S. Magistrate Judge's Report & Recomendation of July 11, 2001, Herein.

The U.S. Magistrate Judge, states & holds:

> In the instant case, the plaintiff asserts that he filed a grievance concerning the claims in this case but that the grievance coordinator returned the grievance unprocessed. It appears from the plaintiff's brief that the grievance was returned because it contained numerous issues in violation of DC-ADM 804 VI (A)(5), which provides that grievances based on different events should be presented separately unless it is necessary to combine the issues to support the claim.
>
> The plaintiff should have either appealed the return of his grievance or submitted another corrected grievance."

Plaintiff Joe ▓▓▓▓ specifically & strongly objects to the above-hold the U.S. Magistrate Judge & avers & submits that, in the first place, such simply incorrect and untrue, in that, in his Brief In Opposition to D Motion to Dismiss the Complaint And Brief In Support, this Plaintiff does'/₂ anywhere therein that the grievance was returned because it contained issues in violation of DC-ADM. #804.VI.A.5.; what Plaintiff does" state in h to that the Grievance coordinator violated DC-ADM. #804.IV. and DC-ADM A.5., of July 20, 1994, when he rejected this plaintiff's Grievance of Septemb because under DC-ADM. #804.VI.A.5., of July 20, 1994, this Plaintiff was permitt grievance based on different events, when it was necessary to combine the support the claim, as was the case, herein with this plaintiff's September 27 Grievance.²/ In his September 27, 2000, Grievance, this Plaintiff allege RHU Lieutenants Rhoades & Porterfield & the RHU Officers on all three shifts, once agai violating his 1st, 8th & 14th Amendments U.S. Constitutional Rights by refusion out his outgoing mail on 9/20/00, & opened & read such mail & then returned such to him 9/22/00, RHU Lt. Porterfield illegally had my Globe Newspaper confiscated, & that, th steal and/or delay his other incoming mail — that, for the past two weeks since a
1/ See the U.S. Magistrate Judge's 7-11-01, Report And Recomendation at 9.

the RHU Officers have been opening all the windows in the RHU when other inmates get noisy & it is cold out & I have to suffer & freeze; that, 9/23/00, he was illegally denied his library book because other inmates were making noise & caused the fourth/half of B/Unit to be burnt for library books & he is quite that, on 9/24/00 RHU Lt. Rhoades illegally denied him a clean jumpsuit, towel & bed linen although other RHU inmates get such & that, on 9/24/00 Lt. Rhoades threatened to assault him; and it was necessary for him to combine these issues/facts in his 9/27/01 grievance to support his claim that RHU Lieutenants Rhoades & Rinterfield & the RHU Officers on all three shifts were once again violating his 1st, 8th, & 14th Amendment U.S. Constitutional Rights & also because back there then RHU Officers would provide him with/give him a grievance form when they passed out paperwork/forms once a week on thursday and they would only provide/give him one (1) grievance then and that the above-statement/holding of the U.S. Magistrate Judge ignores such facts and also ignores the fact that it was the grievance coordinator (not plaintiff) who illegally violated DC-ADM #804 IV, and DC-ADM #804 VI.A.5 by improperly rejecting plaintiffs September 27, 2000, grievance, thereby rendering the remedies available under DC-ADM unavailable to this plaintiff and, second of all, there is nothing at all period in the DC-ADM #804, which permits an inmate to appeal the Grievance Coordinator's rejection of a grievance to the Superintendent, and therefore this plaintiff could "not" have appealed rejection/return of his September 27, 2000, grievance to the superintendent back then and Magistrate Judge's ruling on this.

The U.S. Magistrate Judge states/holds that:

... there is nothing in DC-ADM 804 that indicates that the return of the plaintiff's grievance as not complying with DC-ADM 804 section II. (A)(5) would not be considered a written response to the plaintiff's initial grievance satisfying the initial review procedures. The plaintiff should have attempted to immediately appeal the initial rejection of his grievance.

The Plaintiff specifically & strongly objects to the above-statement/holding Magistrate Judge's & avers & submits that, DC-ADM. #804.VI.B.Y, of July 23,

¶ Within ten (10) working days of receipt of the grievance by the grievance officer, the grievant shall be provided a written response to the grievance to include a brief rationale summarizing the conclusions

and any action taken or recommended to resolve the issues raised in the grievance."

and, therefore, the initial review decision on a grievance as contemplated the very wording of DC-ADM#804, VI.B.4., of July 20, 1994, is one which includes a brief rationale summarizing the conclusions and any action taken recommended to resolve the issues raised in the grievance, i.e., a decision on the merits of the facts/issues raised in the grievance; and, given the grievance coordinator's rejection and return of a grievance to the P., without referring such to the grievance officer for investigation, a written decision to include a brief rationale summarizing the conclusions and any action taken or recommended to resolve the issues raised in the grievance is "not" a proper written response to the plaintiff's grievance satisfying the initial review procedures and thus enabling h. to appeal such to the Superintendent under DC-ADM#804, VI-C-2, & a such, the above-statement/holding of the U.S. Magistrate Judge herein, clearly and plainly wrong and incorrect and defies common sense. again, this plaintiff did "not" appeal the grievance coordinator's rejection September 27, 2000 grievance, because by & under the Pa. DOC DC-ADM July 20, 1994, he was "not" permitted to do so.

Finally, the U.S. Magistrate Judge, states & holds:
Since the plaintiff could have and still can seek an extension of time to file his grievance, the plaintiff has not exhausted available administrative remedies. See Harper v. Jenkin, 179 F.3d 1311, 1312 (11th Cir. 1999) ("since appellant has not sought leave to file an out-of-time grievance, he cannot be considered to have exhausted his administrative remedies.") 4/

The plaintiff specifically & strongly objects to the above-statement/holding of Magistrate Judge's and avers and submits that, as he stated and argued his Brief in opposition to the Defendants' Motion to Dismiss the Complaint at 10-13; - - - - the grievance coordinator violated DC-ADM#804, IV. and DC-ADM of July 20, 1994, when he rejected this plaintiff's grievance of September 27, 2000 under DC-ADM#804, VI.A.5, of July 20, 1994, this plaintiff was permitted to grievance based on different events, when it was necessary to combine them support the claim, as was the case herein, with this plaintiff's September grievance. Furthermore, by improperly rejecting this plaintiff's properly September 27, 2000, grievance, the grievance coordinator rendered

September 27, 2000, grievance, the grievance coordinator rendered administrative remedies under DC-ADM. #804, of July 20, 1994, unavailable to this inmate-plaintiff and he could "not" exhaust such. Plaintiff only has to exhaust the prison's administrative remedies which are available to him. See Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000), and there was no available remedies herein for him to exhaust, as when attempted to comply and exhaust his available administrative remedies under DC-ADM. #804, by filing a grievance the SCI-Huntingdon grievance coordinator illegally violated DC-ADM #804 & refused to allow this plaintiff to do so, thereby rendering administrative remedies under DC-ADM. #804, unavailable to this plaintiff, thru no fault of this plaintiff.

Furthermore, although this plaintiff could not & did not receive improperly rejected September 27, 2000, grievance, he had and complained to Defendant Superintendent Dragovich & Secretary of Corrections Martin Horn, on September 25, 2000, the same incident(s) for which he filed suit for herein this and thus he has presented the incident and the facts such in the complaint, herein this case, to prison officials (Defendant Superintendent Dragovich and also to the Secretary Corrections for the Pennsylvania Department of Corrections) and given these prison officials the same fair opportunity address & correct the problems/violations complained about complaint, herein this case, that they would have had if able to file a grievance and exhaust his administrative remedies to such under DC-ADM. #804, & thus he has "not" failed to exhaust administrative remedies, herein, or, if he is deemed by this court to have failed to exhaust such available administrative remedies

Since plaintiff is herein opposition to Defendants' motion to dismiss the complaint & support of it, exhibit — B — attached hereto, the 9-25-00 letter to Defendants

than he "_has_" shown excusable reasons for such & that [cut] remedies "_were_" rendered unavailable to him thru no fault of his own and due to circumstances beyond his control, as described, herein, supra, at 7-9, and thus he should "_not_" [be] unfairly and unjustly penalized by having his compla[int] and this case dismissed for failure to exhaust administ[rative] remedies under DC-ADM. #804., of July 20, 1994, and 42 U.S.C. § 1997e(a) should "_not_" be deemed & held to bar this instant civil rights [action].

Although he may be wrong, this plaintiff believes & th[us] avers & submits that, if this court grants the defendants' m[otion to] dismiss & dismisses this plaintiff's complaint, herein this c[ourt] dismissal is without prejudice and thus plaintiff could re[file his] complaint after he had exhausted his administrative remedies under DC-A[DM] fully, however, because this plaintiff now has no remedies avai[lable under] DC-ADM. #804., due to the facts that it is way beyond th[e] 15 days time period to file such grievance, he would be [barred from] exhausting his administrative remedies under 9/ DC-A[DM.#804.,] and because he is now no longer up at SCI-Camp Hill, [it would] be futile for this court to dismiss the complaint for failure [to exhaust] administrative remedies, without prejudice, and order this [plaintiff to] go back and exhaust his available prison administrative [remedies] and then refile his complaint once he has exhausted such, [because] this plaintiff could "_not_" do so, as he has no administrative re[medies] available to exhaust under DC-ADM. #804. 10/ The U.S. M[agistrate] Judge's Report and Recommendation of July 11, 2001, herein th[is case] ignores and fails to even address nor even mention such pla[intiff's] arguments of this br[ief] as above-referenced and such failure to d[o so...]

Furthermore, plaintiff avers & submits that, of signific[ance]

8/ See plaintiff's brief in opposition to defendants' motion to dismiss the co[mplaint]

is the fact that neither in their Brief in support of their Motion to Dismiss nor in their Reply Brief in support of Motion to Dismiss, herein this case, do the Defendants claim or argue that the Plaintiff can at this late of date resubmit a Grievance and exhaust his administrative remedies under DC-ADM. #804, nor that such administrative remedies are even still available to this here Plaintiff and that goes even more to show that the U.S. Magistrate Judge "is" wrong as to ...

Further Proof that the U.S. Magistrate Judge "is" wro[ng] when he states that the Plaintiff can still seek an extensio[n of] time to file his Grievance, is garnered from the facts that [on] August 1, 2001, this Plaintiff wrote and sent to Defendant Superintendent Dragovich at SCI-Camp Hill, a letter, date[d July] 31, 2001, requesting, in writing therein, that he grant this Plaintiff permission to file an out-of-time Grievance [as] to the fact alleged in the Complaint and the Amended Compl[aint in] this here instant case, given the decision of the U.S. Mag[istrate] Judge in his July 11, 2001, Report and Recommendation at 10-11, [in] this Case, and that as of the date of these here writ[ten] given the wording of DC-ADM #804-9 and [?]
Objections, Defendant Superintendent Dragovich has "no[t]" nor replied back to this Plaintiff on his July 31, 2001, Let[ter] obviously if Defendant Superintendent Dragovich intended to g[rant] Plaintiff permission to file his out-of-time Grievance, [he] would have responded back here to this inmate-Pla[intiff and] told him so, as more than forty (40) days have now [passed] since this Plaintiff mailed/sent Defendant Superintendent [Dragovich] his July 31, 2001, letter requesting such.—

In Camp v. Brennan, 219 F.3d 279 (3dCir.2000), whi[ch was] decided by the Third Circuit, on July 18, 2000, several months the[reafter]

1/ See this Plaintiff's July 31, 2001, Letter to Defendant Superinten[dent Dragovich] ... Plaintiff's Exhibit — C — Attached to [?]

Third Circuit's decision in Booth v. Churner, 206 F.3d 289 (3d Cir. 2000), the U.S. Court of Appeals for the Third Circuit, stated:

> But we find Camp's second position persuasive. It will be recalled that (understandably enough under Section 1997e(a)) the prisoner need only exhaust such administrative remedies "as are available." (Camp, 219 F.3d at 281).

Herein this instant case, given what this Plaintiff has stated/argued, herein, supra, Camp v. Brennan and not Booth v. Churner, supra, is controlling and, under Camp, this Plaintiff's complaint and this case should "not" be dismissed.

Finally, the case, Harper v. Jenkin, 179 F.3d 1311, 1312 (11th 1999), which the U.S. Magistrate Judge cites in his July 11, 2001 R and Recommendation, at 11, is "not" of this Third Circuit and, such, is "not" legally binding upon this Court and to the extent such case is even applicable here in this instant case, Plaintiff has complied with such.

Therefore, given the above & foregoing facts, argum citations of authorities, herein, supra, the U.S. Magistrate Report and Recommendation of July 11, 2001, herein, "is" contr to the controlling Federal Law, under Camp v. Brennan, 219 279, 281 (3d Cir. 2000) and the U.S. Magistrate Judge has ab his discretion and authority by issuing such, and therefore, the motion to dismiss the complaint, must, by law, be denied, case remanded back to the U.S. Magistrate Judge for ful proceedings to be held, herein.

Alternatively, should this Court affirm & adopt the R Recommendation of the U.S. Magistrate Judge, and di Plaintiff's claims without prejudice, herein, Plaintiff request U.S. District Judge order Defendant Superintendent Dragov

and that such shall be processed, in full, within the time limits set forth therein DC-ADM-#804, so long as this Plaintiff mails the Grievance to the Grievance Coordinator at SCI-CampHill within 15 working days of the date of the Court's order and that the Postmark on the envelope shall be the controlling date as to when such was timely mailed/submitted, and that once the Plaintiff has fully exhausted his available administrative remedies under DC-ADM-#804, he shall be permitted refile his 42 U.S.C. §1983 Civil Rights Action/Complaint with this Court and to proceed Informa Pauperis.

RESPECTFULLY SUBMITTED

(S) _____
MR. JOHN RICHARD JAE,
#BQ-3219
SCI-Greene/CMU
175 Progress Drive
Waynesburg, PA-15370-8089

Dated: 16th SEPTEMBER 2001

Plaintiff and Pro Se Counsel

9

**DC-804**
PART 1

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
P.O. BOX 598
CAMP HILL, PA. 17001-0598

**OFFICIAL INMATE GRIEVANCE**                    GRIEVANCE NO. _____

| TO: GRIEVANCE COORDINATOR | INSTITUTION | DATE |
|---|---|---|
| Mr. Ben C. Livinood | SCIC | 9/27/00 |

| FROM: (Commitment Name & Number) | INMATE'S SIGNATURE |
|---|---|
| Mr. John R. Doe, #BQ-3219 | (s) John R. Doe |

| WORK ASSIGNMENT | QUARTERS ASSIGNMENT |
|---|---|
| None | RHU 40 - ____ cell |

**INSTRUCTIONS:**
1. Refer to the inmate handbook Page 12 and DC-ADM 804 for information on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. Next, you are required to list in Block B the specific actions you have taken to resolve this matter. Be sure to include the identity of staff members you have contacted. I request a personal interview.

A. Brief, clear statement of grievance: This grievance is lodged against the RHU Lieut. Rhoades & Porterfield & the RHU officers on all three shifts, once again, they are violating my 1st, 8th, & 14th Amend. U.S. Const.-rights as follows: on 9/20/00, R-10 refused to put my outgoing mail & opened & read such mail & then returned same to me; on 9/26/00 RHU Lt. Porterfield illegally had my Bible confiscated. This also violates DC-ADM 812 & 815 VI.E.1. Also the officers steal & delay my other incoming legal-mail. Also, for the past two weeks since around 9/8/00, the RHU officers have been opening the windows in the RHU where RHU inmates get their showers & I have to cut these showers short which causes me to be punished. RHU Lt. Rhoades & Porterfield denies me equal protection of the laws by not allowing me to take such shower. This also violates DC-ADM 004 VI.E.1 etc.

B. Actions taken and staff you have contacted before submitting this grievance: I tried to informally resolve the above-matters by attempting verbally to discuss such with RHU Lt. Porterfield on 9/26/00 but he refused to discuss these matters on 9/27/00 & I attempted to discuss such with RHU Lt. Lady on 9/26/00 & I attempted to see Mr. Spink about such but he left the block without seeing me.

Your grievance has been received and will be processed in accordance with DC-ADM 804.

Signature of Grievance Coordinator _____  Date _____

Plaintiff's Exhibit - B -

**WHITE**—Grievance Coordinator Copy   **CANARY**—File Copy   **PINK**—Action Return Copy   **GOLDENROD**—Inmate Copy

To: Superintendent Dragovich
SCI-Camp Hill

[stamp: SEP 26 2000]

DC Number: FM-BQ-3219    Name: Joe, John R. (RHU D-Block-Cell [illegible])

Superintendent Dragovich, Sir: Please reply to me in writing to this letter. I am getting sick & tired of getting harassed by your officers for things I have a right to, such as library books to read, and being made to suffer by your officers opening up & refusing to close the windows in the RHU because of a few asshole niggers who want to run their coon mouths & disrupt the RHU & say nothing, and yet I am illegally denied a library book because your officers burned the whole entire cart that I signed for the library books on Saturday September [illegible] 2000, because they heard a few nigger inmates in B103, B104, B107 & B108 talking too loud, and your officers for the same reason [scribble] will open up all the windows on RHU B-tier when it's really cold outside as it has been the last several days & leave such open, and then I see this, you can order the RHU officers here not to touch the RHU windows unless an RHU inmate asks them to open or close the window directly in front of his cell & then they must do so, or, in the alternative, I'll sue your RHU officers for $25,000.00 compensatory & $25,000.00 punitive damages in court for cruel and unusual punishment and deliberate indifference to my well being/health, and also [scribble] sue you for conspiracy along with your officers. Also, [illegible] at my 30-day PRC Review here, Deputy Superintendent Palakovich ordered that I be given my legal & religious materials on [illegible] paper that I gave to their office here than on the same date, however, RHU Property officer Ribner has deliberately & maliciously failed to comply with Palakovich's orders and give me such legal & religious materials here & on Thursday, September 21, 2000 he [illegible] & brought that loud-mouthed nigger in B104 cell [illegible] his legal materials because he said he had court pleadings due on 9/29/00 and I had court pleadings due on [illegible] and on 9/24/00 RHU Lt. Rhoades deliberately & maliciously [illegible] given me a clear RHU jumpsuit to wear & he told me that all other inmates get such, thus such exchange is immediately [illegible]

From: Mr. John R. Doe,
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA 15370-8089
July 31, 2001

To: Superintendent Martin L. Dragovich,
SCI-Camp Hill
P.O. Box 8837
Camp Hill, PA 17001-8837

Re: "Request to File Grievance Out-of-Time"

Dear Superintendent Dragovich, Sir:

In light of & given the U.S. Magistrate Judge's Report And Recommendation of July 11, 2001, in the U.S. District Ct. Civil No. 1-CV-00-2123 and the wording of DC-ADM #804 of May 1, 1998, I am now writing & sending you this here letter to request in writing hereto that you would permit me to resubmit/file the attached Grievance out-of-time and that such be processed in full, as though such was timely filed.

I request that you, Sir, would reply back here to me at my above-listed address & advise me therein writing as to whether you will or will not permit me to resubmit/file the attached Grievance out-of-time and thank you very much for your time & consideration in this matter.

Sincerely,

(s) John Richard Doe
Mr. John Richard Doe
Plaintiff and Pro Se Counsel

Plaintiff's Exhibit-C--1-

**DC-804**
**Part 1**

**COMMONWEALTH OF PENNSYLVANIA**
**DEPARTMENT OF CORRECTIONS**
**P.O. BOX 598**
**CAMP HILL, PA 17001-0598**

**FOR OFFICIAL USE ONLY**

GRIEVANCE NUMBER: _____

**OFFICIAL INMATE GRIEVANCE**

| TO: FACILITY GRIEVANCE COORDINATOR | FACILITY: | DATE: |
|---|---|---|
| Mr. Ben C. Livingood | SCI-Camp Hill | 7-31-01 |

| FROM: (INMATE NAME & NUMBER) | SIGNATURE of INMATE: |
|---|---|
| Mr. John R. Doe, #BR-32N | (s) John R. Doe |

| WORK ASSIGNMENT: | HOUSING ASSIGNMENT: |
|---|---|
| None | SCI-Greene/SMU-HB9 |

**INSTRUCTIONS:**
1. Refer to the DC-ADM 804 for procedures on the inmate grievance system.
2. State your grievance in Block A in a brief and understandable manner.
3. List in Block B the specific actions you have taken to resolve this matter informally. Be sure to include the identity of staff members you have contacted.

**A.** Provide a brief, clear statement of your grievance. Additional paper may be used, maximum two pages.

From September 12, 2000 — October 2, 2000, RHU officers Valentine and Zimmerman on the 2-10 shift, and RHU officers Taylor, Novak, Ney & Swift, on the 10-6 shift would open & then refuse to close the windows in the RHU because of a few inmates talking too loud when it was cold outside and such caused this inmate to have to suffer & be cold & be subjected to extreme changes in temperature because of other inmates which is not fair & such placed this inmate under imminent danger of serious physical injury of catching pneumonia due to the cold air coming in thru the open windows. That these officers were fully aware that their above conduct caused this inmate to become really cold as I told them such more than once, but yet they still did such, & continued to do such, deliberately & knowingly thereby showing deliberate indifference to this inmate's physical well being, health & safety & his 8th Amendment U.S. Const. [illegible] rights. Officer Valentine also did this several times because he doesn't like me. When I wrote to Sgt. Dragovith about this on 9-28-01, he wrote me back on 9/28/01 claiming I have a lot of [illegible] complaining & [illegible] your poor behavior [illegible] ___

**B.** List actions taken and staff you have contacted, before submitting this grievance. Attach the copy of the **DC-135A** with the staff member's response of your informal resolution attempt.

I tried to first informally resolve the above matters by attempting to verbally discuss such with RHU Lt. Porterfield on 9/22/00 and with Lt. Rhodes on 9/24/00, but to no avail & on 9/25/00 & 9/26/00 I discussed such with Lt. Ladyga on 9/26/00, I attempted to see Mr. Spink about such, but he left the block without seeing me. I also wrote Supt. Chesney about such on 9/2__

Your grievance has been received and will be processed in accordance with DC-ADM 804.

_____         _____
Signature of Facility Grievance Coordinator                Date

**WHITE** - Facility Grievance Coordinator Copy   **CANARY** - File Copy   **PINK** - Action Return Copy   **GOLDENROD** - Inmate Copy

Revised
July 2000

Plaintiff's Exhibit-C-2-

Doe vs. Dragovich, et al.,
Civil No. 1:CV-00-2123

## CERTIFICATE OF SERVICE

I Certify that on 9-17-01, I mailed to the person listed below, a true & correct carbon copy of the within Plaintiff's Written Objections to the U.S. Magistrate Judge's Report And Recommendation of July 11, 2001, Herein, by way of U.S. 1st Class Mail, Postage Prepaid & addressed to:

Mr. Michael L. Harvey, SDAG,
Office of the Attorney General of Pennsylvania
15th Floor, Strawberry Square
Harrisburg, PA. 17120

I Certify that on 9-17-01, I gave the Original of the above-said document to Prison Officials here for mailing to this Court.

I Certify under penalty of perjury & pursuant to 28 USC§ that the above, is true & correct.

(S) _____John Richard_____
MR. JOHN RICHARD JR
#BQ-3219
SCI-Greene/SMU
175 Progress Drive
Waynesburg, PA. 15370

Plaintiff and Pro-Se Counsel

Dated/Executed in:
17th SEPTEMBER 2001:
At: Waynesburg, Pennsylvania: