IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RICHARD JAE, | : | |
| | : | |
| Plaintiff | : | |
| | : | No. 1: CV-00-2123 |
| v. | : | |
| | : | (Judge Rambo) |
| SUPERINTENDENT DRAGOVICH, | : | |
| et al. | : | |
| | : | |
| Defendants | : | (Magistrate Judge Smyser) |

**DEFENDANTS' MEMORANDUM OPPOSING OBJECTIONS TO THE**
**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

**Introduction**

This is a civil rights action brought by a state prisoner, John Richard Jae, challenging conditions to which he was allegedly subjected while housed in the Restricted Housing Unit at the State Correctional Institution at Camp Hill (SCI-Camp Hill). Plaintiff Jae is currently incarcerated at SCI-Greene.

Defendants are Martin Dragovich, the Superintendent of SCI-Camp Hill and six corrections officers from the institution (Complaint, caption).

Plaintiff alleges that from September 12 through October 2, 2000 officers on the afternoon and night shifts in the RHU opened the windows on the block and refused to close them when it was cold outside (Complaint ¶1). Because of these actions, plaintiff claims he was "really cold and uncomfortable"

(Complaint ¶2). Plaintiff contends these actions violated his Eighth and Fourteenth Amendment rights and various provisions of the state constitution (Complaint ¶¶ 8-10). By way of relief he seeks a declaratory judgment and damages (Complaint, p.4).

Plaintiff also asserts that he filed a grievance concerning the matters related in the complaint on September 27, 2000 but that the Grievance Coordinator refused to process it (Complaint II. C).

Defendants moved to dismiss the complaint for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. §1997e(a)(PLRA). Defendants argued that plaintiff failed to show that he had either appealed the refusal to process his grievance or reformulated the grievance to comply with Department policy concerning grievances.

Plaintiff opposed the motion arguing that(1) he had no right to appeal the rejection of his grievance, (2) by the time the grievance was returned he did not have time to reformulate it and resubmit it within the time frame allowed, (3) the exhaustion requirements of the PLRA contravened United States Supreme Court decisions, and (4) the exhaustion requirement violates the Equal Protection Clause of the Fourteenth Amendment.

On July 11,2001, the Magistrate Judge issued a report and

recommendation that the motion to dismiss be granted. The Magistrate Judge rejected plaintiff's arguments on the constitutionality of the PLRA (Report, pp. 3-8). He also concluded that the exhaustion requirement comports with prior Supreme Court decisions (Report, pp. 2-3). Finally, the Magistrate Judge concluded that plaintiff did not exhaust his administrative remedies because he did not attempt to appeal the refusal to process his grievance nor did he seek an extension of time in order to resubmit it (Report pp. 9-11).

Plaintiff has now objected to the Magistrate Judge's report and recommendation. He contends that the policy setting forth the grievance process did not permit him to appeal from the refusal to process his grievance. Therefore he had no administrative remedies to exhaust (Pl. Br., pp 3- 4). Plaintiff also argues that he could not resubmit his grievance because the grievance officer improperly rejected it in the first place (Pl. Br., pp. 4-5). Finally, plaintiff argues that he can no longer exhaust his remedies because too much time has elapsed from the events he wishes to complain about, and he is no longer incarcerated in SCI-Camp Hill (Pl. Br., pp. 6- 7).

Defendants submit this memorandum in opposition to plaintiff's objections.

## ARGUMENT

## THE PRISON GRIEVANCE POLICY DID NOT FORECLOSE PLAINTIFF FROM APPEALING THE REJECTION OF HIS GRIEVANCE OR FROM RESUBMITTING IT.

The Magistrate Judge correctly noted that nothing in DC-ADM 804 explicitly precludes an appeal from the rejection of a grievance (Report, p. 10). The policy itself describes an "initial review" as the first step of the grievance process and goes on to explain that, "All reviews conducted below the level of Facility Manager or Regional Director are considered initial reviews." DC ADM 804 IV F. Moreover the policy describes an "Appeal from Initial Review" as "The first level of appeal from a *decision* rendered at Initial Review." DC ADM 804 IV G (emphasis supplied).

This language does not preclude an appeal from the rejection of plaintiff's grievance. His grievance was reviewed and rejected at a level below the Superintendent. Moreover the rejection was a decision rendered at the first step of the process after his grievance was submitted. Because an appeal of the grievance rejection is not clearly foreclosed by the policy, plaintiff cannot contend that he

4

exhausted his administrative remedies.[1]

Even if this Court concludes that plaintiff could not have appealed the rejection of his grievance, it must nonetheless conclude that he did not exhaust his administrative remedies because he made no attempt to resubmit his grievance. Plaintiff does not directly address this aspect of the Magistrate Judge's report. Instead he suggests that any attempt to grieve now would be futile and, therefore, he has exhausted all available administrative remedies (Pl. Br. pp. 6-7). It would be contrary, however, to Congress' intent in enacting the PLRA to allow inmates to bypass the exhaustion requirement by declining to file administrative complaints and claiming that administrative remedies are time-barred and thus not then available.

As observed by the Fifth Circuit in *Marsh v. Jones*, 53 F.3d 707, 710 (5th Cir.1995), "[w]ithout the prospect of a dismissal with prejudice, a prisoner could evade the exhaustion requirement by filing no administrative grievance or by intentionally filing an untimely one, thereby foreclosing administrative

---

[1] Plaintiff also argues that because the rejection did not contain a summary of conclusions and actions taken to address the grievance, he was unable to appeal (Pl. Br. p.4). Plaintiff's reading of the policy suffers from the same flaw as his prior argument. It ignores the language describing an appeal as being taken from a decision not from a written response. *See* DC-ADM 804 IV G.

5

remedies and gaining access to a federal forum without exhausting administrative remedies." The Sixth Circuit has echoed this concern, remarking that where "inmates have both notice that exhaustion is required and a reasonable opportunity to file complaints, it would be contrary to Congress' intent in enacting the PLRA to allow inmates to bypass the exhaustion requirement by declining to file administrative complaints and then claiming that administrative remedies are time-barred and thus not available." *Wright v. Morris*, 111 F.3d 414, 418 n. 3 (6th Cir.1997).

Similarly, plaintiff may not avoid the exhaustion requirement by failing to either resubmit his grievance or bring an appeal and now claim that the administrative remedies are not available to him because they are time barred. The fact remains, at the time he submitted his grievance, these remedies were available to him and he failed to take advantage of them. Therefore, plaintiff has failed to exhaust.

Plaintiff's argument that he could not resubmit his grievance because it was improperly rejected, also fails. Plaintiff seems to suggest that he had to grieve several events in one submission in order to assert the violation of his rights (Pl. Br.pp. 4-5). While proceeding in that fashion may have been plaintiff's preference, he does not suggest that he was prevented from filing separate

6

grievances. Indeed, this action concerns only one of the matters, the open windows in the RHU, that he contends he attempted to grieve.

Thus plaintiff failed to establish either that he exhausted his administrative remedies or that no remedies were available to him. Accordingly, the Court should adopt the Magistrate Judge's report and recommendation and dismiss the complaint.

## CONCLUSION

For all of the preceding reasons, this Court should adopt the report and recommendation of the Magistrate Judge and dismiss the complaint.

Respectfully submitted,

D. MICHAEL FISHER
Attorney General

BY: *[signature]*

MICHAEL L. HARVEY
Senior Deputy Attorney General

SUSAN J. FORNEY
Chief Deputy Attorney General
Chief, Litigation Section

15th Floor, Strawberry Square
Harrisburg, PA 17120
PHONE: (717) 783-6896
FAX: (717) 772-4526
DATE: October 9, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RICHARD JAE, | : |
| Plaintiff | : |
| | : No. 1: CV-00-2123 |
| v. | : |
| | : (Judge Rambo) |
| SUPERINTENDENT DRAGOVICH, | : |
| et al. | : (Magistrate Judge Smyser) |

### CERTIFICATE OF SERVICE

AND NOW, this 9th day of October, 2001, I, MICHAEL L. HARVEY, Senior Deputy Attorney General, counsel for defendants in the above-captioned action, hereby certify that I this day served the foregoing document by causing a copy of the same to be deposited in the United States mail, postage prepaid, at Harrisburg, Pennsylvania, addressed to the following:

John Richard Jae, BQ-3219
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370-2902

*[signature]*
MICHAEL L. HARVEY
Senior Deputy Attorney General

DATE: October 9, 2001